RONALD L. BAURLE *v.* STATE OF INDIANA.

[No. 1-174A3. Filed August 13, 1974. Rehearing denied September 13, 1974.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *John R. Gerbracht*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Russell D. Millbranth*, Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Baurle pleaded guilty to a charge of Second Degree Burglary and received a sentence of not less than two nor more than five years. Thereafter, pursuant to Ind. Rules of Procedure, Post-Conviction Remedy Rule 1, Baurle filed a petition contending that the guilty plea was not knowingly and intelligently entered. From a denial of that petition Baurle appeals.

The record reveals that the guilty plea arose from plea bargaining negotiations wherein the Jackson County Prosecutor agreed to dismiss a robbery charge pending against Baurle in exchange for his guilty plea to the charge of second degree burglary. Before accepting this plea, the trial judge interrogated Baurle as to his understanding of his various constitutional rights and of the consequences of his plea. When satisfied that Baurle understood its ramifications, the trial judge accepted the plea and Baurle was sentenced.

The record further reveals that at the time of entering the plea, Baurle was on parole from the Indiana State Prison on a conviction of escape from the Indiana State Farm. One of the conditions of the parole was that Baurle not commit another criminal act. This condition was known by Baurle when he entered his guilty plea.

After appellant's plea and conviction of burglary, the Indiana Parole Board, pursuant to IC 1971, 11-1-1-11 (Burns Code Ed.) revoked Baurle's parole on the escape conviction and held in abeyance the sentence imposed on the second degree burglary conviction.

Baurle contends that he was assured by the court that he would begin serving his sentence for burglary on the day of sentencing. Due to the revocation of his parole, that sentence is being held in abeyance and has not yet begun. Baurle therefore argues that his guilty plea was not knowingly and intelligently entered. We do not agree.

Assuming, without deciding, that the record supports Baurle's contention concerning the trial court's alleged promise about the date his sentence was to begin,[1] it is our opinion that the fact that his sentence did not begin on that day is not sufficient in this case to justify a finding that his guilty plea was not knowingly or intelligently made.

A determination of whether a guilty plea is knowingly or intelligently entered rests on various considerations. To be valid and binding upon the accused, his guilty plea must be made advisedly with a full understanding of his rights and of the circumstances and consequences surrounding its entry. *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; *Harshman* v. *State* (1953), 232 Ind. 618, 115 N.E.2d 501. The appropriate guidelines to be followed in making a determination of whether Baurle's plea was knowingly and intelligently entered, were enumerated in *Brimhall* v. *State, supra.*[2] Therein, the unanimous court quoted with approval the following guidelines propounded by the American Bar Association Project on Standards for Criminal Justice:

"1.4 Defendant to be advised by court.

The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

(a) determining that he understands the nature of the charge;

1. Although the record reveals that the prosecutor did make such a comment on the date the sentence was to commence, the trial court's response to a question from Baurle concerning the sentence was simply, "You are entitled to the time that you have spent in the Jackson and Lawrence County Jails."

2. Although not applicable at the time Baurle's plea was entered, the guidelines for accepting a guilty plea are now statutorily prescribed in IC 1971, 35-4.1-1-3, Ind. Ann. Stat. § 9-1204 (Burns Supp. 1974.)

(b) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury; and

(c) informing him:

(i) of the maximum possible sentence on the charge, including that possible from consecutive sentences;

(ii) of the mandatory minimum sentence, if any, on the charge; and

(iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment."

In the present case, Baurle was advised by the trial judge of the following rights: to trial by jury, to confront his accusers, to have compulsory process for obtaining witnesses in his favor, to not be compelled to testify against himself, to be represented by an attorney, and to demand the nature of the accusations against him and receive a copy of those charges. He was further advised of the charge and of the minimum and maximum penalties therefor. In our opinion, the trial court complied with the above guidelines. This, together with the fact that Baurle knew he was on parole and that his involvement in criminal activities would be grounds for revocation of that parole, overwhelmingly supports a finding that defendant's guilty plea was knowingly and intelligently entered, despite the fact that defendant's sentence did not begin to run upon sentencing.

We therefore hold that where a trial judge advises a criminal defendant of his constitutional rights and the ramifications of a guilty plea in compliance with the existing guidelines, and satisfies himself that the plea is knowingly, intelligently, and voluntarily entered, the failure of defendant's sentence to begin on the day expected, due to a Parole Board action, will not vitiate the plea.

Since the evidence was sufficient to sustain the findings of the trial court, we find no error in the denial of Baurle's post-conviction petition.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 314 N.E.2d 825.