WILLIE C. CROSS *v.* STATE OF INDIANA.

[No. 1-1173A200. Filed October 2, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Appellant, Willie C. Cross, brings this appeal after the denial of his petition for post conviction relief from a ten year determinate sentence for robbery while armed.

The specific issues for review are:

(1) Whether Cross' trial counsel was ineffective; and
(2) Whether Cross entered his guilty plea knowingly, willingly, and voluntarily.

We affirm the trial court.

Ind. Rules of Procedure, Post Conviction Remedy Rule 1 places the burden of proof on the petitioner.

"The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." P.C.R. Rule 1, § 5.

The trial court held that Cross had failed to meet his burden of proof as to the two issues stated above. On appeal Cross seeks relief from that negative judgment. In reviewing the court's decision we cannot weigh the evidence. We may reverse only if the judgment is contrary to law; that is, only if the evidence is all one way and but one reasonable conclusion could be reached from the facts and the trial court has reached a contrary conclusion. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499; *Sargeant* v. *State* (1973), 157 Ind. App. 173, 299 N.E.2d 219. We review Cross' assertions of error with this limited standard of review in mind.

Cross first contends that he is entitled to have his plea of guilty withdrawn due to the fact that the evidence presented proved by a preponderance that he was denied effective and adequate assistance of counsel because the only efforts of his court-appointed attorney were to get him to plead guilty. Moreover, Cross claims that his attorney talked him into pleading guilty by telling him that he would get a life sentence as a habitual criminal when in fact no habitual criminal charge had been filed.

There is a presumption that counsel appointed by the court to represent a defendant is competent. This presumption may be overcome only by showing that the attorney's actions made the proceedings a mockery and shocking to the conscience of the court. *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872; *Lenwell* v. *State* (1973), 156 Ind. App. 41, 294 N.E.2d 643. Cross had the burden of rebutting this presumption by strong and convincing proof. *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803; *Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231.

No such evidence is apparent in this case. Cross merely asserts that his counsel advised him to plead guilty in order to get the ten year determinate sentence and possibly avoid a greater penalty. As to the threat of the habitual criminal conviction, the fact that such a charge was not filed is not

conclusive. The attorney's advice concerning such a possibility may have been reasonable at the time it was given. Even if true, Cross' assertions are not sufficient to overcome the presumption that he was effectively represented by counsel.

Secondly, Cross contends that he should be allowed to withdraw his guilty plea since the evidence he presented proved by the preponderance that his plea was not entered knowingly, intelligently, or willingly.

In regard to this issue it is important to note what Cross is not contending. Cross concedes that the trial court properly informed him of his constitutional rights prior to the plea and that the trial judge conducted a proper inquiry into the voluntariness and intelligence of the plea.

Cross does contend, however, that he did not truthfully answer the court's questions due to the coercion by his attorney and his poor physical health at the time of the trial judge's inquiry. Therefore, he asserts that the transcript of the guilty plea hearing does not truly reflect his actual willingness to plead guilty.

The trial judge was thus presented with a conflict between the hearing transcript and Cross' testimony at the post conviction proceeding. Since we cannot weigh the conflicting evidence, we must accept the trial judge's determination in favor of the transcript.

Additionally, Cross contends that he was not fully informed of the consequences of his guilty plea.

Cross was on parole from a prior conviction. In making his guilty plea he asked the judge if his sentence for the new offense would begin immediately or whether he would first be made to serve time on the old sentence. The judge was unable to give a definitive answer although he was of the opinion that the new sentence would being immediately. In fact, when Cross was returned to prison the parole board waited a year before allowing him to begin his new sentence.

On the basis of these facts, Cross argues that he was not fully informed of the consequences of his guilty plea.

This court has previously held that the failure of defendant's sentence to begin on the day expected will not vitiate a guilty plea if the plea is otherwise knowingly, intelligently, and voluntarily entered. *Baurle* v. *State* (1974), 161 Ind. App. 222, 314 N.E.2d 825.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 316 N.E.2d 685.