JAMES DUNN *v.* STATE OF INDIANA.

[No. 1-1275A234. Filed October 20, 1976.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant Dunn brings this appeal from the denial of his petition for post-conviction relief. The issues raised are whether Dunn's counsel was ineffective and whether Dunn should have been given credit for time served on a separate conviction which was later reversed.

We affirm.

There is a presumption that counsel appointed by the court to represent a defendant is competent. This presumption may be overcome only by showing that the attorney's actions made the proceedings a mockery and shocking to the conscience of the court. *Cross* v. *State* (1974), 161 Ind. App. 616, 316 N.E.2d 685. Dunn had the burden of rebutting that presumption by strong and convincing proof. *Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E. 2d 231.

No such evidence is apparent in the record of this case. Dunn's only evidence in support of his allegation was his testimony that his counsel had failed to file a speedy trial motion on his behalf and had consulted with him only briefly on three occasions. His counsel testified that he had consulted with Dunn at least a dozen times and had not filed a speedy trial motion because it would not have been meritorious under the circumstances of the case.

Dunn has not overcome the presumption that he was effectively represented by counsel.

Dunn next contends that he should be given credit for time served on a separate conviction which was later reversed. There is no authority for Dunn's proposition. IC 1971, 35-8-2.5-1 (Burns Code Ed.) allows credit only for that time served on account of the criminal charge for which the sentence is imposed, not for time served on another separate criminal charge.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 355 N.E.2d 870.