MICHAEL A. ODORE *v.* STATE OF INDIANA

[No. 1-678A161. Filed December 4, 1978.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *Susan K. Carpenter,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Rollin E. Thompson,* Assistant Attorney General, for appellee.

ROBERTSON, J. — Defendant-appellant Michael A. Odore (Odore) appeals from the denial of his Petition for Post-Conviction Relief. We affirm.

While on parole for the offense of Jailbreaking, Odore was arrested and charged with First Degree Burglary and Possession of Amphetamines with Intent to Deliver. Odore pled guilty to both charges pursuant to a plea bargaining agreement with the State of Indiana (State), received a suspended sentence on the narcotics charge and a 10 to 20 year sentence on the burglary charge. Upon his return to prison, the Indiana Parole Board (Board) revoked his parole, and held the 10 to 20 year sentence in abeyance until expiration of the sentence for Jailbreak. *See* IND. CODE 11-1-1-11.

This belated appeal urges us to vitiate Odore's guilty pleas because he entered into the plea bargain for the sole purpose of avoiding consecutive sentences. Since the sentence for burglary was held in abeyance, Odore complains that the trial court's failure to inform him of such a possibility renders the pleas involuntary.[1] Odore relies on IC 35-4.1-1-3, which in relevant part provides:

The court shall not accept a plea of guilty from the defendant without first addressing the defendant and * * * (d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences * * *

On similar facts, this issue was resolved against Odore's position in *Baurle v. State* (1974), 161 Ind.App. 222, 314 N.E.2d 825. Although IC 35-4.1-1-3 was not applicable to the facts in *Baurle*, analogous standards were imposed as a condition to the acceptance of a guilty plea. Specifically, we declared that the trial court must first inform the defendant

'(i) of the maximum possible sentence on the charge, including that possible from consecutive sentences * * * [and] (iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment.'

161 Ind.App. at 224-5, 314 N.E.2d at 826-7 (quoting standard adopted in *Brimhall v. State* (1972), 258 Ind. 153, 279 N.E.2d 557). The *Baurle* court concluded that so long as the record established that the plea was knowingly and voluntarily entered, the guilty plea would not be disturbed on the sole basis that the action of the Board delayed the date upon which the sentence would begin.

In the court below, Odore was thoroughly advised of the maximum

1. It appears that when the guilty plea was entered, the trial court was unaware that Odore was on parole. The trial court's knowledge, however, is of no moment in view of the result we reach today.

penalties for the crimes charged; that the burglary sentence could not be suspended; that an accused is presumed innocent and is under no obligation to plead guilty; that he had a right to a speedy, fair and impartial trial by jury; that he would have the right to counsel, to confrontation of witnesses, and compulsory process; that he had the right to remain silent, and that the State would have to prove his guilt beyond a reasonable doubt. The record also reveals that Odore was aware that a condition of his parole would be violated by the commission of an offense. Since Odore had the burden of proving that his plea was involuntary, we will reverse only where the trial court's conclusion is contrary to law. *Cross v. State* (1974), 161 Ind.App. 616, 316 N.E.2d 685. In light of the above facts, we are unwilling to set aside the trial court's conclusion that the guilty pleas were voluntarily entered. *See Baurle, supra.*

Finding no reversible error, the trial court is affirmed.

Lybrook, P.J. and Lowdermilk, J., concur.

NOTE—Reported at 382 N.E.2d 1024.