**William Henry JAMERSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 2–1277A478.**

Court of Appeals of Indiana, Fourth District.

Sept. 18, 1979.

---

Harriette Bailey Conn, Public Defender, Carr L. Darden, Sr., Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., David Michael Wallman, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Appellant Jamerson while on parole committed a drug offense to which he pled guilty. Upon his return to prison the parole board "set him back." This means the board required him to serve a portion of his former sentence before beginning to serve time under his new sentence. Due to this circumstance Jamerson sought and was denied post-conviction relief. We affirm.

Jamerson first claims his guilty plea was not properly accepted by the trial court. The alleged defect was the failure of the court to have advised him of the possibility that the parole board might set him back on account of the conviction. Jamerson seeks support for his position in IC 1971, 35–4.1–1–3(d) (Burns Code Ed., Repl.1979). This section states that prior to accepting a guilty plea the court should inform the defendant "of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences."

This language does not extend so far as to require the trial court to advise the defendant that the parole board might set him back. The "increased sentence" and "consecutive sentences" mentioned in the statute refer only to the sentence which is meted out for that particular guilty plea. This language does not require the court to advise the defendant of the effect of prior convictions unless they bear directly upon the length of the sentence which the court is to render upon the guilty plea. The defendant's status as a parolee did not enlarge the sentence he received on the guilty plea. The possibility of being "set back" by the parole board was only a collateral consequence. The court had no duty to advise

the defendant of this consequence. *Odore v. State,* (1978) Ind.App., 382 N.E.2d 1024; *Cross v. State,* (1974) 161 Ind.App. 616, 316 N.E.2d 685, 687; *see also People v. Searcie,* (1974) 37 Cal.App.3d 204, 112 Cal.Rptr. 267; *Kincade v. United States,* (3d Cir. 1977) 559 F.2d 906; 21 Am.Jur.2d *Criminal Law* § 489 (Supp.1979); Annot., 97 A.L.R.2d 549 (1964).

Defendant's second allegation of error is directed at IC 1971, 11–1–1–11 (Burns Code Ed.). This statute grants the parole board discretion to determine whether a parole violator, such as the defendant, should serve his former sentence before beginning to serve the new sentence for the crime committed while on parole. The defendant claims the statute is defective under the state constitution because the Legislature provided no standards to govern the exercise of this discretion by the board. The defendant relies upon *State ex rel. Standard Oil Co. v. Review Bd. of Ind. Emp. Sec. Div.,* (1951) 230 Ind. 1, 101 N.E.2d 60.

■ The Supreme Court rejected a similar if not identical challenge in *Hawkins v. Jenkins,* (1978) Ind., 374 N.E.2d 496, and held the statute constitutional. The court noted that the board has "almost absolute discretion," 374 N.E.2d 500, and that this discretion "is not subject to supervision or control of the courts," *id.* The recognition by the Supreme Court that the board has absolute discretion makes it antithetical for us to hold that the statute is defective for lack of standards to guide the exercise of that discretion. Any other conclusion by us would be contrary to *Hawkins v. Jenkins.* The statute is not unconstitutional.

■ Defendant's final allegation of error is that the parole board's hearing was inadequate. In his motion to correct errors he complains in general terms that the hearing was merely *pro forma* and fell short of the standards set forth in *Morrissey v. Brewer,* (1972) 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

*Morrissey* determined that an alleged parole violator is entitled under appropriate circumstances to both a preliminary and final parole revocation hearing. 408 U.S. 485–90, 92 S.Ct. 2593; *see* Annot., 36 L.Ed.2d 1077 (1974). However, the need for a preliminary hearing may be extinguished by the fact that the defendant has pled guilty and been convicted of the crime committed while on parole. "When a parolee is arrested and prosecuted on criminal charges, the criminal prosecution itself is adequate protection against the evils and dangers *Morrissey* was designed to protect against." *In re Edge,* (1973) 33 Cal.App.3d 149, 108 Cal.Rptr. 757, 764.

The situation is arguably different with respect to the final parole revocation hearing. There is some authority that a conviction upon a plea of guilty should not foreclose the opportunity of the defendant to present evidence in mitigation. *Moss v. Patterson,* (6th Cir. 1977) 555 F.2d 137, 138; *United States ex rel. Hahn v. Revis,* (7th Cir. 1975) 520 F.2d 632, 638–39.

The defendant points out in his brief that the hearing was "very short" (two or three minutes). Other than this specific aspect of the case, the defendant apparently does not contend that he was harmed by any other feature of the proceedings. He points out that *Morrissey* entitles him to advance written notice, an opportunity to be heard, and a written decision based upon the evidence. Accepting these contentions *arguendo,* the bottom line of this matter is that nowhere has the defendant suggested he has any evidence to present in mitigation.

■ We are not at liberty to evade or diminish the requirements of a hearing set forth in *Morrissey* or in IC 11–1–1–11. Nonetheless, counsel for defendant should realize that even though the defendant's alleged injury is potentially of constitutional proportions, we will not reverse when counsel has failed to suggest even at this late appellate level any mitigating circumstances which the constitutional and statutory remedies were designed to advance. As part of his argument the defendant has earnestly contended that the hearing was only *pro forma.* The defendant cannot reasonably expect us to find merit in this argument when he has not disclosed what evi-

dence he has, if any, to justify a more extended hearing. Defendant presses form too hard over substance to ask for a "meaningful hearing" yet to conceal whatever evidence he might have which could produce a different result at a new hearing.

Affirmed.

MILLER, P. J., and CHIPMAN, J., concur.