Timothy BULLOCK, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 1–1279A377.

Court of Appeals of Indiana,
First District.

July 14, 1980.

Harriette Bailey Conn, Public Defender, Indianapolis, James M. Garrettson, Sp. Asst. Public Defender, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Timothy Bullock appeals the denial of his petition for postconviction relief filed pursuant to Indiana Rules of Procedure, Post Conviction Rule 1. The petition resulted from a guilty plea Bullock entered to the charges of reckless homicide, Ind. Code 35–42–1–5; criminal recklessness, Ind. Code 35–42–2–2; failure to stop a motor vehicle after an accident resulting in death and failure to stop a motor vehicle after an accident resulting in personal injury. Ind. Code 9–4–1–10; and, possession of marijuana Ind. Code 35–48–4–11.

Bullock was sentenced to four year terms for each of the two Class D felonies and to one year terms for each of the three Class A misdemeanors with the sentences to run concurrently.

Bullock's petition for relief alleges his guilty plea was not knowingly, voluntarily, and intelligently made due to the trial court's failure to comply with the provisions of Ind. Code 35–4.1–1–3(d).[1] In particular, Bullock asserts that the trial court failed to adequately advise him of the possible maximum and minimum sentences for the two class D felonies and failed to advise him of the possibility of an increased sentence due to his prior criminal convictions.

■ Bullock comes before this court in a position analogous to that of an appellant from a negative judgment because the decision of the court below may only be reversed if the evidence is without conflict and leads unerringly to a contrary conclusion. *Turman v. State,* (1979) Ind., 392 N.E.2d 483; *Lockert v. State,* (1979) Ind., 391 N.E.2d 613.

We agree with Bullock's assertion that he was not properly advised of the impact of his prior convictions on sentencing. Therefore, we reverse the trial court's decision and remand the case for further action consistent with this opinion.

Because of our decision to reverse and remand, we will only decide the issue of whether Bullock was advised of the effect of his prior convictions on sentencing.

The State concedes the trial court may have erred by failing to advise Bullock of the impact of his prior convictions but asserts that such error was harmless. The State characterizes the error as "technical" and contends that the statute's mandate was satisfied.

■ We find that the State's position is without merit. In so far as IC 35–4.1–1–3 encompasses constitutionally protected rights, its provisions are mandatory. *See Barfell v. State,* (1979) Ind.App., 399 N.E.2d 377; *Turman v. State,* (1979) Ind., 392 N.E.2d 483. Furthermore, the Indiana Supreme Court has interpreted the statute in such a way that *all of its provisions,* including subsection (d) pertaining to sentences, are mandatory. *Turman v. State, supra.*

We are aware that there is little case law on the specific portion of the statute dealing with prior convictions. The cases which do exist pertain to action by the Indiana Parole Board in which it has held sentences in abeyance until the expiration of a sentence for a prior conviction. *See e. g. Jamerson v. State,* (1979) Ind.App., 394 N.E.2d 222; *Odore v. State,* (1978) Ind.App., 382 N.E.2d 1024. However, we think the following language from *Jamerson v. State, supra,* referring to IC 35–4.1–1–3(d), is helpful.

> This language does not require the court to advise the defendant of the effect of prior convictions unless they bear directly

---

1. IC 35–4.1–1–3(d) provides in part that, "[t]he court shall not accept a plea of guilty from the defendant without first addressing the defendant and . . . informing him . . . of

any possible increased sentence by reason of the fact of a prior conviction or convictions . . . ."

upon the length of the sentence which the court is to render upon the guilty plea. 394 N.E.2d at 223.

█ In the case at bar, Bullock's prior convictions did have a direct bearing on the length of sentence. The sentencing statute for class D felonies provides for a sentence of a fixed term of two (2) years with not more than two (2) years added for aggravating circumstances. Ind. Code 35–50–2–7. Aggravating circumstances may consist of a defendant's prior criminal activity. Ind. Code 35–4.1–4–7. Additionally, the trial judge's attachment to his sentencing order, explaining why the sentence was imposed, specifically refers to Bullock's prior felony convictions. Thus, we are led reluctantly, but unerringly, to a conclusion contrary to that of the trial court and we determine that Bullock's petition should have been granted.

The judgment of the trial court is reversed and this cause remanded to the trial court with instructions to vacate the guilty plea, reinstate Bullock's plea of not guilty, and set the matter for trial.

Reversed and remanded.

NEAL and RATLIFF, JJ., concur.