Junior Ray PEARSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–381A83.

Court of Appeals of Indiana,
Fourth District.

Dec. 10, 1981.

Harriette Bailey Conn, Public Defender, Ali A. Talib, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Appellant Junior Ray Pearson appeals from the trial court's denial of his petition for post-conviction relief pursuant to Ind. Rules of Procedure, Post-Conviction Relief, Rule 1. On appeal he argues that the trial court erred in denying relief because, in entering his guilty plea, he was not advised of the possibility of a consecutive sentence being imposed upon the sentence he was currently serving and there was an inadequate factual basis to validate the plea. He further argues the trial court erred in not providing a hearing on his allegation that he was promised substance abuse treatment. Because of our decision to reverse and remand, we will only discuss the issue concerning the court's advisement on sentencing.

Pearson's petition resulted from a guilty plea entered to the charge of Escape, Ind. Code 35–44–3–5.[1] Pearson was sentenced to four years with the sentence to run consecutively to any sentence he was then serving. Pearson's petition for relief alleges that this guilty plea was not knowingly, voluntarily, and intelligently made because the trial court failed to comply with the provisions of Ind. Code 35–4.1–1–3(d).[2] Specifically, Pearson asserts that the trial court failed to advise him of the possibility of receiving a consecutive sentence.

Pearson comes before this court in a position analogous to that of an appellant from a negative judgment because the decision of the court below may only be reversed if the evidence is without conflict and leads unerringly to a contrary conclusion. *Bullock v. State*, (1980) Ind.App., 406 N.E.2d 1220. However the record must provide a sufficient basis to conclude that the defendant was meaningfully informed of the specific rights enumerated in *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23

---

1. Following an appearance in court to enter a not guilty plea to a charge of Driving While Intoxicated, Pearson attempted to run away.

2. I.C. 35–4.1–1–3 provides in part that:
   "[t]he court shall not accept a plea of guilty from the defendant without first addressing the defendant and ... (d) informing him of

the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences; ...."

L.Ed.2d 274, and must also contain a sufficient basis to conclude that the defendant was meaningfully informed of the rights and law detailed in Ind.Code 35–4.1–1–3. *Turman v. State,* (1979) Ind., 392 N.E.2d 483.

As was recognized in *Bullock, supra,* there is little case law on subsection (d) of this statutory section. The cases which do exist pertain to action by the Indiana Parole Board in which it has held sentences in abeyance until the expiration of a sentence for a prior conviction. *See, e. g. Jamerson v. State,* (1979) Ind.App., 394 N.E.2d 222; *Odore v. State,* (1978) Ind.App., 382 N.E.2d 1024. The State argues that these cases require an affirmance of the court's decision on this issue in that the imposition of the consecutive sentence was a "collateral consequence" of the plea. We disagree.

In *Jamerson, supra* and *Odore, supra,* the Parole Board's decision, revoking parole and requiring each defendant to serve a prior sentence, was a collateral consequence of each guilty plea. However, the present case does not concern a Parole Board's decision to revoke parole but rather the court's duty to impose a consecutive sentence and its failure to advise defendant of this consecutive sentence he would necessarily receive upon entering his guilty plea.

Ind.Code 35–50–1–2 requires the court to impose a consecutive sentence in the circumstances of this case.[3] I.C. 35–4.1–1–3(d) requires the court to inform the defendant "of any possibility of the imposition of con-secutive sentences." "Any possibility" means any chance or likelihood that a consecutive sentence could be imposed. The consecutive sentence, being mandated by statute, certainly provided that possibility. The "consecutive sentences" phrase in the statute refers only to the sentence which is meted out for the particular guilty plea, *Jamerson, supra.* Indeed, this consecutive sentence was specifically assigned by the court in response to Pearson's guilty plea. Because the defendant was not completely informed according to the mandatory provisions of I.C. 35–4.1–1–3(d), the trial court erred in determining that the record was sufficient to support a finding that defendant was meaningfully informed of the rights and law detailed in that section. We are, therefore, led unerringly to a conclusion contrary to that of the trial court. The petition should have been granted.

The judgment of the trial court is reversed and this cause remanded to the trial court with instructions to vacate the guilty plea and proceed in a manner consistent with this opinion.

MILLER, P. J., and CONOVER, J., concur.

---

3. Ind.Code 35–50–1–2 provides:

"(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If a person commits a crime:

(1) after having been arrested for another crime; and

(2) before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime; the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

Pearson attempted to escape immediately following a hearing on his charge of Driving While Intoxicated. The charge of Escape resulted in the above guilty plea and following his conviction upon the former charge.