**Ronald HELTON, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 1-282-A-46.**

Court of Appeals of Indiana, First District.

Nov. 17, 1982.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Ronald Helton (Helton) appeals the denial of his Petition for Post Conviction Relief. He argues that procedural deficiencies mandate a withdrawal of his guilty pleas which were the basis of his convictions.

We reverse and remand.

Helton was convicted of battery of a law enforcement officer, confinement, and robbery. Pursuant to his plea bargaining agreement, Helton received determinate sentences of one (1) year, two (2) years, and ten (10) years respectively for these offenses.

Helton's post-conviction petition claimed that the trial court failed to properly advise him of his constitutional rights at the time he entered his guilty plea. Although Helton alleges several errors by the trial court, the dispositive error is the failure to advise him of the maximum and minimum sentence ranges for his offenses.

The State admits that Helton was not advised of the sentence ranges when he entered his guilty plea. The trial court found that Helton was informed of these ranges at his arraignment. The record re-

veals that Helton was represented by counsel at all critical stages and received the sentences that he agreed to in the plea bargain.

The language of Ind.Code 35–4.1–1–3(d) specifically requires a defendant be informed of the maximum and minimum sentence ranges prior to entering his guilty plea. While the supreme court has ruled that a fifteen day lapse between being informed of one's constitutional rights and the acceptance of his plea was not defective, *George v. State,* (1980) Ind., 403 N.E.2d 339, a seventy day period is violative of IC 35–4.1–1–3. *Beard v. State,* (1978) Ind.App., 375 N.E.2d 270. We conclude that the fifty-nine day period between the arraignment and the plea hearing which existed in the present case also violates the statute.

Although the record discloses that Helton was represented by counsel at all critical stages, that he was informed of his constitutional rights, and that he received the exact sentences contained in the plea bargain, the provisions of IC 35–4.1–1–3 are mandatory. *Bullock v. State,* (1980) Ind. App., 406 N.E.2d 1220. The case is reversed and remanded for a new trial.

RATLIFF, P.J., and NEAL, J., concur.