**Marty SHAW, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 1–883A251.

Court of Appeals of Indiana, First District.

Dec. 7, 1983.

Samuel S. Shapiro, Applegate & Shapiro, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

The defendant-appellant Shaw appeals from the denial of his petition for post-conviction relief. He contends that his guilty plea was not freely and voluntarily given in several respects. Because we reverse, we shall discuss only one issue.

Shaw entered a plea of guilty to operating a motor vehicle while intoxicated, a Class D Felony. The record shows that the trial judge correctly advised him of the range of penalties appropriate to a Class D Felony and then sentenced Shaw pursuant to IND.CODE 35–50–2–7(b) which allows penalties associated with a Class A misdemeanor to be levied. Shaw was not advised of the alternative sentencing possibility.

Our supreme court demands strict compliance with the language of IND. CODE 35–4.1–1–3 when accepting a guilty plea. *German v. State,* (1981) Ind., 428 N.E.2d 234.

In recognition of the supreme court's insistence of strict adherence to the statutory scheme of accepting guilty pleas, we are forced to the conclusion that Shaw was not adequately advised of the minimum possible sentence to which he was exposed upon entering a guilty plea. *See: Payton v. State,* (1983) Ind.App., 451 N.E.2d 334.

We reverse the trial court and remand the case with instructions to grant Shaw's petition for post-conviction relief.

Reversed and remanded.

RATLIFF, J., concurs with separate opinion.

NEAL, J., concurs in result.

RATLIFF, Judge, concurring.

It is difficult for me to perceive any prejudice to Shaw from the court's failure to advise him of the alternative misdemeanor penalty sentencing provision when that alternative sentence was imposed. *See* dissenting opinion of Givan, C.J., in *Early v. State,* (filed October 14, 1983) Ind., 454 N.E.2d 416. Nevertheless, our supreme court's insistence on strict adherence to In-

diana Code section 35–4.1–1–3 as announced in *German v. State,* (1981) Ind., 428 N.E.2d 234, and subsequent cases, compels my concurrence.