Jerry L. **MORLAN**, Appellant
(Petitioner Below),

v.

**STATE** of Indiana, Appellee
(Respondent Below).

No. 884S310.

Supreme Court of Indiana.

Nov. 13, 1986.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Jerry L. Morlan appeals the denial of his petition for post-conviction relief, filed under Rule PC 1, Ind.Rules of Procedure for Post-Conviction Remedies. In 1979, Morlan pled guilty to robbery and voluntary manslaughter, the latter a lesser included offense of the pending charges of murder. In accordance with the terms of a plea bargain, the trial court imposed concurrent sentences of thirty years and sixteen years, respectively.

■ Morlan's petition alleges that his pleas were not voluntary and intelligent because the trial court did not advise him of the minimum and maximum sentences which could be imposed or the possibility that consecutive sentences could be imposed, as required by Ind.Code § 35–4.1–1–3 (later repealed; now Ind.Code § 35–35–1–2).

As petitioner, Morlan had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, Section 5, Ind.Rules of Procedure for Post-Conviction Remedies. Evidence that the trial judge failed to give one of the statutory advisements does not sustain appellant's burden. Petitioner must establish specific facts from which the trier of fact could conclude by a preponderance of the evidence that the trial judge's omission rendered the decision to enter a guilty plea involuntary or unintelligent. *White v. State* (1986) Ind., 497 N.E.2d 893 To prevail on appeal from denial of post-conviction relief, Morlan must satisfy this Court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite of that reached by the trial court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126, 1127.

The transcript of the hearing at which Morlan pled reveals that the trial judge discussed with him the nature of the charges to which he was pleading guilty, the voluntariness of his decision, the rights which he was waiving, and the factual basis for his plea. The court imposed the sentence recited in the plea agreement. Assessing this evidence, the trial court found that Morlan had not proven that his plea was involuntary and unintelligent. There was a substantial basis for this finding.

■ Petitioner also argues that his guilty pleas were entered under the assumption that any sentences received in Parke County would be concurrent with any time imposed in a case then pending in Clay County and any time which would be imposed as a result of parole revocation. He maintains that the trial judge did not advise him that consecutive sentences could be imposed. However, Morlan did receive additional sentences, one based upon an escape charge in Clay County and the second based upon parole revocation. Morlan had to serve each of those sentences before commencing his Parke County time. The nature of these charges was made clear by the following colloquy between petitioner and his lawyer at the post-conviction hearing:

Q. Prior to the time that you entered guilty pleas in this cause, had you previously entered.. had you previously been convicted on a charge out of Clay County?

A. Yes.

\* \* \* \* \* \*

Q. What sentence did you receive for that?

A. I received a four year sentence.

Q. And is that sentence running concurrently or consecutively with these convictions.

A. Consecutively.

Q. And the time that the offenses herein were committed, were you on probation or parole at the time?

A. I was on parole.

Q. And was you . [sic] parole subsequently revoked?

A. Yes, it was.

Q. Was that pursuant to being charged with these two offense?

A. Yes.

Q. And was there any penalty imposed upon you for having your parole revoked?

A. I did a years P.V., parole violation.

Q. And did that run concurrently or consecutively with these convictions?

A. Consecutively.

The record does not support Morlan's contention that he was unaware that the sentences rendered upon his guilty pleas would be served consecutively with the Clay County sentence. The plea agreement recited that the court may impose concurrent terms for the present offense and that these sentences could be consecutive to "any time imposed by the Clay Circuit Court this year."

■ Morlan also maintains that he was unaware that parolee status could result in the imposition of a consecutive sentence. Under Ind.Code § 11–1–1–11 [1], any "prisoner who commits a crime while at large upon parole and who is convicted and sentenced therefore, may be required by the [Parole] Board to serve such sentence after the original sentence has been completed." Thus, the parole board could require a parole violator to serve part of the former or paroled sentence before commencing sentence for the offense to which he pleaded guilty. The parole board's action in this regard is a collateral consequence of a defendant's plea; the trial court does not have to advise the accused-parolee of the possibility that it may occur. *Jones v. State* (1986), Ind., 491 N.E.2d 542; *Pearson v. State* (1981), Ind.App., 428 N.E.2d 808; *Jamerson v. State* (1979), 182 Ind.App. 99, 394 N.E.2d 222. The phrases, "increased sentence" and "consecutive sentences", recited in Ind.Code § 35–4.1–1–3, refer only to the sentence which is imposed for the conviction based upon a guilty plea. *Jamerson*, 394 N.E.2d at 223. The trial court need only advise the accused of the effect of prior convictions which directly affect the sentence rendered upon the guilty plea.

■ The State argues that the cause should be remanded to the post-conviction court because the trial judge did not enter specific findings of fact and conclusions of law. The record merely indicates a docket entry that, "Comes the court and now overrules Defendant's Petition for Post-Conviction Relief." However, when the claims raised by petitioner do not entitle him to relief, he has not been harmed by the trial court's failure to enter specific findings and conclusions. *Pharris v. State* (1985), Ind., 485 N.E.2d 79.

The judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on February 13, 1979, prior to the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d. 234 requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which has been recently overruled in *White v. State* (1986), Ind., 497 N.E.2d.

1. Ind.Code § 11–1–1–11 (Burns 1973) was repealed by Acts 1979, P.L. 120, Sec. 22, which became effective on October 1, 1980, sec. 23. The current provision which is a recodification of the law has substantive changes. Ind.Code § 11–13–3–10 (Burns 1985 Repl.).

893. It should therefore be governed by the totality of the circumstances standard set forth in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d. 714. Cf. *Sherwood v. State* (1985), Ind., 485 N.E.2d. 97. However, the majority does not review appellant's claim that he had not been advised by the trial court of the maximum possible sentence and minimum sentence for the offenses charged as required by I.C. 35–4.-1–1–3(d) by the use of the totality of the circumstances standard, therefore making clear that the *Neeley* holding, insofar as it applies in enforcing the state legal requirements of the said statute, has been overruled as well. For the reasons stated in my dissent in *White v. State, supra,* and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205, and *Reid v. State* (1986), Ind., 499 N.E.2d 207, I would hold that the *Neeley* standard applies here. The record as a whole here, including the written plea agreement, show non-compliance with I.C. 35–4.1–1–3(d) and for this I would reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty and to enter a new plea of not guilty, and put the State to its proof. This is in accord with the following cases in which the failure to advise of the range of penalties on the record was specifically found to constitute grounds for post-conviction relief. See: *Johnson v. State* (1983), Ind., 457 N.E.2d. 196; *Shaw v. State* (1st Dist.1983), 456 N.E.2d 758; *Kidder v. State* (3rd Dist. 1983), 456 N.E.2d 427; *Martin v. State* (1983), 453 N.E.2d. 199; *Helton v. State* (1st Dist 1982), 443 N.E.2d 1201; *McKinney v. State* (3rd Dist.1982), 442 N.E.2d 727.