## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2016, 8:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Bennie Truth<br>New Castle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Caryn N. Szyper<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bennie Truth,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 18, 2016<br><br>Court of Appeals Case No. 33A01-1604-CR-835<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Barbara A. Harcourt, Senior Judge<br><br>Trial Court Cause No. 33C02-1512-PC-11 |

**Robb, Judge.**

# Case Summary and Issues

[1] Bennie Truth filed a petition for post-conviction relief challenging the revocation of his parole. The post-conviction court granted the State's motion for summary disposition and denied Truth's petition. Truth, pro se, now appeals, raising two issues for our review, which we restate as (1) whether the post-conviction court abused its discretion in denying Truth's motion for default judgment, and (2) whether the post-conviction court erred in granting the State's motion for summary disposition. Concluding the post-conviction court did not abuse its discretion in denying his motion nor did it err in granting the State's motion for summary disposition and denying Truth's petition for post-conviction relief, we affirm.

# Facts and Procedural History

[2] Following a conviction for felony rape in the 1990s, Truth served time in the Indiana Department of Correction. Truth was released to parole in 2013. Among the conditions of his release were that he report to Sex Offender Management and Monitoring treatment (Rule 10-1), report to his parole office (Rule 10-10), charge his GPS monitoring unit (Rule 10-27), receive permission from his parole office prior to changing his residence (Rule 10-2), abstain from visiting a bar (Rule 10-13), and abstain from engaging in criminal conduct (Rule 7).

[3] On October 15, 2013, a parole violation warrant was issued for Truth based on allegations he violated Rules 10-1, 10-2, 10-10, and 10-27 of his parole. On October 28, 2013, the State charged Truth with three counts of failing to register as a sex offender, all Class D felonies, under Cause Number 49F09-1310-FD-070066 ("Cause 070066"). On November 1, 2013, Truth was found inside a bar and was arrested on the parole violation warrant.

[4] At a parole hearing three days later, the State further alleged Truth violated Rule 10-13 by visiting a bar. Truth pleaded not guilty to the allegations he violated parole and the trial court scheduled a preliminary hearing for November 7, 2013. On November 5, 2013, an arrest warrant was issued for Truth under Cause 070066. He was then arrested and remained in the custody of the Marion County Jail.[1] Following the preliminary hearing on November 7, 2013, the hearing officer found probable cause to believe Truth violated the terms of his parole as charged. Nearly two weeks later, parole services issued an addendum further alleging Truth engaged in criminal conduct in violation of Rule 7 by failing to register as a sex offender. Truth was not afforded a preliminary hearing with regard to this allegation.

[5] On April 22, 2014, the trial court entered judgment of conviction against Truth for failing to register as a sex offender and sentenced him to 1,095 days of work release. On June 4, 2014, Truth received notice his parole revocation hearing

---

[1] The record does not indicate whether Truth was still in custody on the parole violation warrant or whether he had been released and then arrested under CN-070066.

scheduled for June 12, 2014, would address the allegations he violated Rules 10-1, 10-2, 10-10, 10-13, 10-27, and 7. Following the hearing, the parole board determined Truth violated Rules 10-2, 10-10, 10-27, and 7, revoked his parole, and ordered him to return to the Department of Correction. Truth began serving his sentence at the New Castle Correctional Facility in Henry County, Indiana.

[6] On December 22, 2015, Truth filed a petition for post-conviction relief. Truth then moved for summary judgment on January 19, 2016. On January 26, 2016, the State filed its answer to Truth's petition and a motion for extension of time to file a summary judgment response. On February 2, 2016, the post-conviction court granted the State's motion for extension of time and acknowledged the State had not originally been served with Truth's petition. As a result, the post-conviction court ordered the trial court clerk to forward a copy of the petition to the Office of the Attorney General and ordered the Attorney General to file a response within fifteen days.

[7] On February 17, 2016, the State filed a motion for summary disposition and Truth moved for default judgment the following day. On March 2, 2016, the post-conviction court entered its findings of fact and conclusions of law granting the State's motion for summary disposition and denying Truth's petition for

post-conviction relief. The post-conviction court did not rule on Truth's motion for default judgment.[2] This appeal ensued.

# Discussion and Decision

## I. Default Judgment

Truth claims the post-conviction court abused its discretion in denying his motion for default judgment.[3] The decision to deny a default judgment is within the discretion of the post-conviction court and is reviewable only for abuse of that discretion. *Kindred v. State*, 514 N.E.2d 314, 317 (Ind. Ct. App. 1987), *trans. denied*. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Southern v. State*, 878 N.E.2d 315, 323 (Ind. Ct. App. 2007), *trans. denied*.

Indiana Post-Conviction Rule 1(2) provides, in relevant part,

---

[2] Truth then filed a motion to correct error, arguing the State did not file a timely answer to his petition. In denying the motion, the post-conviction court noted,

> Petitioner incorrectly served the Henry County Prosecuting Attorney, but not the prosecuting attorney from the sentencing court nor the Attorney General. On February 5, 2016, the Court ordered the Clerk to forward a copy of the Petition to the Attorney General and ordered the Attorney General to file a response within fifteen days. Respondent's Motion for Summary Disposition was filed [sic] stamped on February 17, 2016. Respondent responded timely to Petitioner's Petition for Post-Conviction.

Appellant's Appendix at 73.

[3] At the outset, we note the post-conviction court never ruled on the motion. Because the post-conviction court summarily denied Truth's petition for post-conviction relief, we proceed under the assumption the court impliedly denied Truth's motion for default judgment.

> A person who claims relief under this Rule or who otherwise challenges the validity of a conviction or sentence must file a verified petition with the clerk of the court in which the conviction took place, except that a person who claims that the person's parole has been unlawfully revoked must file a verified petition with the clerk of the court in the county in which the person is incarcerated. . . .
>
> The Clerk shall file the petition upon its receipt and deliver a copy to the prosecuting attorney of that judicial circuit.

Post-Conviction Rule 1(4)(a) provides, in relevant part,

> Within thirty (30) days after the filing of the petition, or within any further reasonable time the court may fix, the state . . . shall respond by answer stating the reasons, if any, why the relief prayed for should not be granted. The court may make appropriate orders for amendment of the petition or answer, for filing further pleadings or motions, or for extending the time of the filing of any pleading.

[10]   Here, Truth filed his petition for post-conviction relief on December 22, 2015. The petition is not included in the record and the Chronological Case Summary ("CCS") does not indicate whether a copy of the petition was forwarded to any representative of the State. On January 19, 2016, Truth moved for summary judgment. A week later, and just over thirty days after Truth filed his petition for post-conviction relief, the prosecuting attorney for Henry County entered an appearance on behalf of the State, filed an answer to Truth's petition, and further filed a motion for enlargement of time to respond to Truth's motion for summary judgment.

[11] On February 2, 2016, the post-conviction court granted the State's request for an extension of time and further noted,

> Pro se petitioner filed Petition for Post-Conviction on December 22, 2015. It appears he served the local county prosecutor and not the prosecuting attorney from the sentencing court, nor the Attorney General. It further appears that Petitioner is alleging that his parole was unlawfully revoked. Thus, it appears that this Court has jurisdiction over his Petition. Court orders the Clerk to forward a copy of the petition herein to the Office of the Indiana Attorney General . . . and directs that Attorney General shall file a response to the pleading within fifteen days.

*Id*. at 2 (CCS). The following day, the trial court clerk sent a copy of Truth's petition to the Office of the Attorney General. On February 17, 2016, the State filed a motion for summary disposition. On February 18, 2016, Truth filed a motion for default judgment, claiming the State did not file an answer to his petition until January 26, 2016, and was therefore not within the thirty-day timeframe set out in Post-Conviction Rule 1(4)(a). The post-conviction court did not rule on the motion and denied Truth's petition for post-conviction relief by summary disposition on March 2, 2016.

[12] On appeal, the State concedes its answer filed on January 26, 2016, was one-day late and therefore untimely. Brief of Appellee at 19. However, we note the petition for post-conviction relief is not included in the record. In addition, the State's answer was only one-day late. As noted above, a post-conviction court is afforded discretion in determining whether to deny a motion for default judgment. Here, the trial court exercised its discretion and decided the case on

the merits. On this record, we conclude the trial court did not abuse its discretion in denying Truth's motion for default judgment.

# II. Parole Revocation

## A. Standard of Review

We review the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a civil motion for summary judgment. *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). Summary disposition, like summary judgment, is a matter for appellate de novo review when the determinative issue is a matter of law, not fact. *Id*. Summary disposition should be granted only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." P-C.R. 1(4)(g). "We must resolve all doubts about facts, and the inferences to be drawn from the facts, in the non-movant's favor." *Allen v. State*, 791 N.E.2d 748, 753 (Ind. Ct. App. 2003), *trans. denied*.

## B. Preliminary Hearing

Truth first argues the post-conviction court erred in granting the summary disposition and denying his petition because the pleadings show he did not receive a preliminary hearing regarding the allegation he engaged in criminal conduct in violation of Rule 7 of his parole. We disagree.

> Upon the arrest and confinement of a parolee for an alleged violation of a condition to remaining on parole, an employee of the department (other than the employee who reported or investigated the alleged violation or who recommended

revocation) shall hold a preliminary hearing to determine whether there is probable cause to believe a violation of a condition has occurred.

Ind. Code § 11-13-3-9(a). The purpose of a preliminary hearing is "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972). If the alleged violation of parole is the parolee's conviction of a crime while on parole, however, the preliminary hearing need not be held. Ind. Code § 11-13-3-9(d); *see also Jamerson v. State*, 182 Ind. App. 99, 102, 394 N.E.2d 222, 224 (1979) (referencing *Morrissey* and reasoning the criminal prosecution itself is sufficient to determine whether there is probable cause to believe an act violates a condition of parole and therefore it is unnecessary to have a preliminary hearing).

[16] Here, it was not originally alleged Truth violated Rule 7; rather, it was alleged he violated Rules 10-1, 10-2, 10-10, 10-13, and 10-27. Pursuant to Indiana Code section 11-13-3-9, Truth was entitled to, and received, a preliminary hearing with regard to those allegations. Following the hearing, the hearing officer found probable cause existed to believe Truth violated the terms of his parole. After the State charged Truth with failing to register as a sex offender, however, parole services issued an addendum alleging Truth violated Rule 7 by engaging in criminal conduct. In April 2014, Truth was convicted of failing to register as a sex offender and such a conviction establishes sufficient probable

cause to believe Truth violated Rule 7. *See Jamerson*, 182 Ind. App. at 102, 394 N.E.2d at 224. Therefore, Truth was not entitled to a preliminary hearing on this allegation.

[17] We further note, even assuming error, Truth received notice his revocation hearing would address the allegations he violated the terms of his parole, including the allegation he violated Rule 7. The parole board concluded Truth violated Rules 10-2, 10-10, 10-27, and 7. Truth did not argue in the post-conviction court the evidence is insufficient to establish he violated any of these rules, and even if we omit the finding he violated Rule 7, the fact he violated three other rules supports the revocation of his parole. *See Komyatti v. State*, 931 N.E.2d 411, 419-21 (Ind. Ct. App. 2010) (affirming the revocation of parole in part because the evidence was sufficient to establish the defendant violated one condition of his parole). Therefore, assuming error, Truth suffered no prejudice. We conclude the post-conviction court did not err in concluding there was no genuine issue of material fact as to whether Truth was entitled to a preliminary hearing with regard to the allegation he engaged in criminal conduct. Accordingly, the post-conviction court did not err in denying Truth's petition on this basis by summary disposition.

## C. Parole Revocation Hearing

[18] Truth also contends the post-conviction court erred in granting the summary disposition because his parole revocation hearing was not held within sixty days of his November 2013 arrest on the parole violation warrant in violation of

Indiana Code section 11-13-3-10(a)(1). Indiana Code section 11-13-3-10 provides,

> (a) Parole revocation hearings shall be conducted as follows:
>> (1) A parolee who is confined due to an alleged violation of parole shall be afforded a parole revocation hearing within sixty (60) days after the parolee is made available to the department by a jail or state correctional facility, if:
>>> (A) there has been a final determination of any criminal charges against the parolee; or
>>> (B) there has been a final resolution of any other detainers filed by any other jurisdiction against the parolee.
>
> * * *
>
> (e) Unless good cause for the delay is established in the record of the proceeding, the parole revocation charge shall be dismissed if the revocation hearing is not held within the time established by subsection (a).

[19] Here, a parole violation warrant was issued on October 15, 2013, and Truth was arrested on the warrant on November 1, 2013. The record does not indicate how long Truth was confined on the parole violation warrant. The record does indicate, however, that four days later—on November 5, 2013—an arrest warrant for Truth was issued under Cause 070066 and he was detained in the Marion County Jail under Cause 070066 until April 22, 2014. To be clear, Truth remained in custody because he was charged with failure to register as a sex offender, not because it was alleged he violated parole. Thus, we are not

persuaded Truth was "confined due to an alleged violation of parole" pursuant to Indiana Code section 11-13-3-10(a)(1).[4]

[20] However, even assuming he was confined due to an alleged violation of parole, the final determination in Cause 070066 did not occur until April 22, 2014.[5] On the same day, Truth was ordered to return to the Department of Correction. Therefore, parole services had sixty days from that date to afford Truth with a parole revocation hearing. On June 12, 2014, just over fifty days later, a parole revocation hearing was held. We conclude the parole revocation hearing was timely and therefore the post-conviction court did not err in denying Truth's petition by summary disposition on this basis.

# Conclusion

[21] The post-conviction court did not abuse its discretion in denying Truth's motion for default judgment. In addition, the court did not err in concluding Truth was not entitled to a preliminary hearing in regards to the allegation he violated Rule 7 nor did it err in concluding his parole revocation hearing was timely. Accordingly, the post-conviction court properly denied Truth's petition

---

[4] Indiana Code section 11-13-3-10(a)(2) governs the timing for parole revocation hearings for parolees who are not confined due to an alleged parole violation. Truth does not allege his parole revocation hearing was untimely pursuant to this section of the statute and we therefore do not address it.

[5] Truth does not cite to any evidence in the record, and we find none, indicating a final resolution of any other detainers filed by any other jurisdiction against him occurred prior to the trial court entering judgment of conviction and remanding him to the Department of Correction. *See* Ind. Code § 11-13-3-10(a)(1)(B).

by summary disposition and we affirm the judgment of the post-conviction court.

[22]    Affirmed.

Mathias, J., and Brown, J., concur.