Stephan A. OWENS, a/k/a Steffan Robinson, Appellant,

v.

STATE of Indiana, Appellee.

No. 2–182A13.

Court of Appeals of Indiana, Third District.

July 19, 1982.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

This appeal arises from the denial of Stephan Owens' (a/k/a Steffan Robinson) petition for post-conviction relief. Owens contends that a prior plea of guilty was not entered intelligently and that his conviction as a habitual offender is therefore infirm.

Owens was tried in June 1970 for the crime of theft of property having a value of less than $100. At this trial Owens entered a plea of guilty, and the court conducted a hearing pursuant to IC 1971, 35–4.1–1–3 (Burns Code Ed.). The following colloquy ensued between the court and Owens:

"THE COURT: You understand you have a right to plead not guilty and have a trial by jury. Do you understand that?

"MR. ROBINSON [Owens]: Yes, I do.

\* \* \* \* \* \*

"THE COURT: Can you read and write okay?

"MR. ROBINSON [Owens]: Yes, I can.

\* \* \* \* \* \*

"THE COURT: In other words, the State would have to do all the proving in the case; you wouldn't have to do anything. Do you understand that?

"MR. ROBINSON [Owens]: Yes, I do.

"THE COURT: On the other hand, . . ., you would have a right to take the witness stand and testify for yourself, that is, to tell your side of the case to the jury, to introduce other evidence, and to call witnesses to testify for you, . . ., and to have all the witnesses for the State cross examined by your attorney. Do you understand that?

"MR. ROBINSON [Owens]: Yes, I do.

"THE COURT: If you were to have a trial and not like the result of it, you would have the right to appeal to the Indiana Supreme Court in an effort to change that result. Do you understand that?

"MR. ROBINSON [Owens]: Yes, I do.

"THE COURT: You would be entitled, as a matter of right, to have an attorney at all stages, through both the trial and the appeal. Do you understand that?

"MR. ROBINSON [Owens]: Yes, I do.

"THE COURT: And if you didn't have the money for an attorney, either for the trial or for the appeal, or both, I would see that you got one, anyway. Do you understand that?

"MR. ROBINSON [Owens]: Yes, I do.

\*    \*    \*    \*    \*    \*

"THE COURT: Are you pleading guilty because of any threats or promises that been made to you?

"MR. ROBINSON [Owens]: No.

"THE COURT: Do you understand the charge to which you are pleading guilty?

"MR. ROBINSON [Owens]: Yes, sir.

\*    \*    \*    \*    \*    \*

"THE COURT: Do you understand what the penalty for that crime is?

(No audible response)

"THE COURT: Well, let me go into it. There are actually two (2) alternative sentencing provisions under that statute. That means there are two (2) different sentencing provisions and I can apply either one, but not both. The first one calls for imprisonment for not less than one (1) year nor more than five (5) years, plus a fine of up to five hundred dollars ($500). The second sentencing provision calls for a fine of up to five hundred dollars ($500) or imprisonment for up to one (1) year, or both. Up to one (1) year means that I could say one (1) year or I could say one (1) day or I could say anything in between. Now, do you understand that all right?

"MR. ROBINSON [Owens]: Yes, I do.

\*    \*    \*    \*    \*    \*

"THE COURT: And after talking it over with your attorney, I take it that you feel this plea is in your own best interest, is that about right?

"MR. ROBINSON [Owens]: Yes, I do.

\*    \*    \*    \*    \*    \*

"THE COURT: And, understanding everything that I've told you here this morning, do you want to plead guilty?

"MR. ROBINSON [Owens]: Yes, I do."

*Record* at 96–105.

The court then proceeded to question several witnesses about the actual events leading to the apprehension and charging of Owens. After hearing all of the evidence the court accepted Owens' plea of guilty and set a date for sentencing. Owens was sentenced to one year in the Indiana State Farm.

Subsequently, in September 1979 Owens was prosecuted and convicted for being a habitual offender. Owens' 1970 conviction for theft resulting from his guilty plea was one of the convictions that served as a basis for his habitual offender conviction. Owens petitioned for post-conviction relief. Upon reviewing the record of Owens' 1970 guilty plea hearing and listening to all of Owens' contentions, the court denied his petition for post-conviction relief and this appeal resulted.

On appeal Owens alleges that at the time he entered his guilty plea in 1970, he was not told that that particular conviction could later serve as a basis for a habitual offender conviction and, therefore, he was not advised of his rights and did not intelligently enter his guilty plea.

■ The touchstone of the propriety of a guilty plea is that the plea is entered intelligently, voluntarily, and with knowledge of its consequences. The court will look to the totality of the circumstances to determine whether the defendant understood the substance of his rights before entering his guilty plea. *Brady v. United States* (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Boykin v. Alabama* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Lockert v. State* (1979), Ind., 391 N.E.2d 613.

Indiana has codified the requirements set forth in *Brady* in IC 1971, 35–4.1–1–3:

"Defendant to be advised by court. The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) determining that he understands the nature of the charge against him;

(b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

Indiana law has also established that the court must determine that there is a factual basis for the defendant's plea. *Likens v. State* (1978), Ind.App., 378 N.E.2d 24.

The motive behind a defendant's entering of a guilty plea does not affect the voluntariness of that plea in the court's view. *Simmons v. State* (1975), 263 Ind. 645, 336 N.E.2d 644. Threats made by the prosecutor that the defendant will be tried for a more serious crime or as a habitual offender do not render a guilty plea improper where the defendant tells the court that the plea was entered voluntarily and the consequences of the plea are understood. *State v. La Marr* (1952), 231 Ind. 500, 109 N.E.2d 457; *Pettyjohn v. State* (1974), 161 Ind.App. 418, 315 N.E.2d 729.

Furthermore, the court is not required to inform the defendant of the possible collateral consequences of his plea as long as the defendant has knowledge and understands the penalty or range of penalties for the commission of the specific act to which he enters his plea of guilty. *Jamerson v. State* (1979), Ind.App., 394 N.E.2d 222; *Odore v. State* (1978), Ind.App., 382 N.E.2d 1024; *Likens v. State, supra; Cross v. State* (1974), 161 Ind.App. 616, 316 N.E.2d 685.

In the case at bar there is substantial evidence in the record establishing that Owens was sufficiently informed of his constitutional rights pursuant to IC 1971, 35–4.1–1–3. The evidence clearly indicates that Owens understood his rights and the consequences of his guilty plea. Owens was informed of the range of penalties he could receive, and he assured the court that he understood the possible consequences. The evidence also clearly indicates a sufficient factual basis for the court's acceptance of Owens' plea.

At a post-conviction relief hearing the petitioner Owens has the burden of proving by the preponderance of the evidence that his conviction was improper. *Lloyd v. State* (1979), Ind., 383 N.E.2d 1048. When reviewing a conviction based on a guilty plea, this Court does not reweigh the evidence nor rejudge the credibility of the witnesses and will overturn that conviction only where the evidence is uncontradicted and leads to a conclusion opposite that reached by the trial court. *Lockert v. State, supra*, Ind., 391 N.E.2d 613; *Henry v. State* (1977), Ind.App., 370 N.E.2d 972.

Contrary to Owens' allegations, Indiana law does not require that the court inform a defendant of possible collateral consequences, such as the potential of a subsequent conviction as a habitual offender, before accepting a guilty plea. In this case Owens has failed to meet his burden of proof, and the evidence uncontrovertibly indicates that he was apprised of his rights and understood these rights before voluntarily entering his guilty plea in 1970.

Affirmed.

STATON, J., concurs.

GARRARD, J., concurs in result with opinion.

GARRARD, Judge, concurring.

The only issues raised on appeal by Owens are whether at his 1970 guilty plea proceeding the plea was rendered defective

by the court's failure to expressly advise Owens that the offense was a felony and that it might someday serve as an element in determining habitual offender status.

While I believe it better practice for the court to expressly advise an accused that the offense to which he is entering a plea is a felony when that is the case, I concur in the majority's resolution of these issues.