Richard BAXTER, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 34A02–9308–PC–460.

Court of Appeals of Indiana,
Third District.

June 16, 1994.

Rehearing Denied Sept. 9, 1994.

Transfer Denied Nov. 15, 1994.

Susan K. Carpenter, Public Defender, William D. Polansky, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant–petitioner Richard Baxter appeals from the denial of his petition for post-conviction relief. The evidence relevant to this appeal discloses that on February 5, 1965, Baxter was charged with one count of Assault and Battery with Intent to Commit a Felony in the Howard Superior Court, cause number 1135. The charge alleged that Baxter and codefendant Raymond Schmitt did "in a rude and insolent manner, touch one Ruth Kinney by grabbing a purse from the person of the said Ruth Kinney, then there so doing with the intent to commit a felony, to-wit: the crime of theft...." On February 10, 1965, Baxter unrepresented by counsel pleaded guilty as charged. Subsequently, Baxter's 1965 guilty plea, along with a 1968 plea of guilty to forgery, was used in a 1984 habitual offender proceeding against him.

On September 14, 1992, Baxter filed a petition for post-conviction relief challenging his 1965 conviction. In his amended petition for relief, Baxter argued that his denial of touching the victim amounted to a protestation of his innocence, such that it was reversible error for the trial court to accept his plea and that his waiver of counsel was invalid. The State raised the affirmative defense of laches. After a hearing, the post-conviction court denied Baxter's petition for relief and this appeal ensued.

■ One issue is dispositive of this appeal: whether the State proved laches by a preponderance of the evidence.

■ Although post-conviction relief is available at any time, the right to such relief may be waived directly or through implication. Laches may act as a legitimate waiver of the right to challenge a judgment. *Perry v. State* (1987), Ind., 512 N.E.2d 841, 843.

■ To prevail on a claim of laches, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and that the State has been prejudiced. *Id.* Implicit is the requirement that the petitioner had knowledge of the existing conditions and acquiesced in them. *Id.* Many factors can demonstrate a petitioner's knowledge of the post-conviction proceedings including, "repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities." *Id.* While mere passage of time is not enough to constitute laches, it may be a factor. *Stewart v. State* (1990), Ind.App., 548 N.E.2d 1171, 1175, *trans. denied.*

■ Prejudice as to the State's ability to retry a petitioner does not require a showing of the impossibility to present any case at all. *Id.* at 1176. If a reasonable likelihood exists that a successful prosecution is materially diminished by the passage of time attributable to the petitioner's neglect, such may be deemed a sufficient demonstration of prejudice. *Id.*

On August 1, 1984, Baxter was found to be an habitual offender based in part upon his 1965 conviction. Thus, he was made aware of his 1965 conviction at that time. Further, in 1984 Baxter was incarcerated at Michigan City State Prison, which is equipped with a law library available to the inmates. More importantly, Baxter acknowledges that he learned of the possibility of challenging his conviction through the post-conviction relief process as early as 1984 or 1985. There was a 27–year delay between the filing of the 1965 guilty plea and Baxter's filing of his

petition for post-conviction relief. By his own admission, Baxter knew of the post-conviction relief process seven years prior to the filing of his petition. Baxter's delay in seeking relief was unreasonable. *See Washington v. State* (1987), Ind., 507 N.E.2d 239 (when petitioner was aware of post-conviction actions for two years before filing petition, delay was unreasonable).

As to the element of prejudice, the State presented sufficient evidence that it would be unable to try Baxter on the 1965 assault and battery with intent to commit a felony charge. The victim, codefendant, and reporting officer are deceased; physical evidence from the case no longer exists; and the other investigating officers have no recollection of the facts of the case. The State adequately met its burden of demonstrating an unreasonable delay and resulting prejudice.

*See French v. State* (1989), Ind., 547 N.E.2d 1084, 1088; *Stewart,* 548 N.E.2d at 1176.

Baxter erroneously argues that there is no evidence connecting the victim, Ruth Kinney, and the reporting officer, Sergeant Beatty, with those persons listed in the death certificates presented by the State. At the post-conviction hearing, Captain Steve Baron of the Kokomo Police Department testified that he had learned of the deaths while attempting to locate witnesses who were in the original case report. Baxter also asserts that it makes no difference if his delay after 1984 or 1985 was unreasonable, because the victim died in 1974; thus, prejudice, if any, arose before he could be charged with delay. Be this as it may, there is sufficient evidence of delay and resulting prejudice which is attributable to Baxter.

Finally, Baxter argues that laches may not bar relief since his waiver of the right to counsel was invalid. *See State v. Lindsey* (1952), 231 Ind. 126, 106 N.E.2d 230 (when the petition "alleges a violation of constitutional rights to be represented by counsel, and the accused sustains the burden of overcoming the presumption that the judgment is valid, and the court finds a violation of constitutional rights, then all facts thereafter are void"). *Lindsey* was decided prior to the existence of Indiana's current Rules of

Procedure for Post–Conviction Proceedings and was based on a writ of error *coram nobis,* not a petition for post-conviction relief. The supreme court has since clarified its holding in *Lindsey* by explaining that a mere allegation of a constitutional violation is not enough to defeat a laches defense. *Perry,* 512 N.E.2d at 843, n. 1.

In the present case, Baxter does not dispute that his waiver of counsel was voluntary; rather, he asserts that his waiver was not made "knowingly or intelligently." At the guilty plea hearing, Baxter informed the court that he was unrepresented by counsel and did not intend to have an attorney. Baxter twice acknowledged that he understood that he had a right to be represented by counsel. Further, Baxter was questioned as to whether it was his choice not to be represented or whether he lacked the funds to employ an attorney. Baxter replied that it was his preference not to be represented by counsel. The court again informed Baxter that he had a right to counsel even if he was financially unable to employ an attorney, and again he responded as before. Baxter was also advised of his right to trial by jury, his right to confront his accusers, and his right against self-incrimination.

Baxter's reliance on *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501, is misplaced. In *Harshman,* the defendant stated that he did not have the funds to hire an attorney. The court then explained that it was possible for the court to appoint an attorney to represent the defendant, to which the defendant replied that he "guessed" he did not need counsel. After pleading guilty to theft of an automobile, the defendant stated that he was intoxicated at the time and could not remember taking the vehicle. *Id.* at 619–20, 115 N.E.2d at 502. Unlike *Harshman,* Baxter's denial of counsel was unequivocal. Moreover, Baxter stated in his affidavit in support of the motion to amend his post-conviction petition that the crime was committed by his codefendant, Raymond Schmitt, with whom he was in the company of at the time. Baxter acknowledged that prior to pleading guilty he was told that he could be held responsible for the acts of his

codefendant. *See Taylor v. State* (1991), Ind., 578 N.E.2d 664, 663 (when two or more confederates engage in the commission of an unlawful act, each is criminally liable for acts of the other in furtherance of their common objective). The trial court did not err in concluding that Baxter's guilty plea was knowingly, intelligently, and voluntarily made. The judgment denying post-conviction relief is affirmed.

Affirmed.

BAKER and BARTEAU, JJ., concur.