Charles EDMONSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 28S00–9504–CR–483.

Supreme Court of Indiana.

June 18, 1996.

Rehearing Denied Oct. 7, 1996.

Robert C. Price, Price & Runnells, Bloomington, for appellant.

Pamela Carter, Attorney General of Indiana and Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Charles Edmonson pled guilty to murder, Ind.Code Ann. 35–42–1–1 (West Supp.1995), pursuant to a plea bargain. The trial court sentenced him to sixty years in prison. He challenges the severity of his sentence on several grounds. We Affirm.

Edmonson and his cousin Jerry Grinstead met the victim, Joseph Cross, in a bar, all of them consuming a large amount of alcohol and departing together. After driving out to a rural area, the three fell to fighting. Edmonson and Grinstead eventually hit Cross with a tire iron and killed him. Edmonson later said he and Grinstead attacked Cross to steal his wallet.

First, Edmonson points to the trial judge's statement at the sentencing hearing that committing a murder was out of character for the defendant. He contends that the judge should not have imposed a sentence of sixty years in light of this finding. We think this assessment by the trial judge weighed in Edmonson's favor, and it is apparent that the trial judge took it into account. It was, however, just one of several factors considered in determining an appropriate sentence. The trial court certainly need not have given it dispositive weight.

Second, Edmonson contends that the trial court erred by identifying as aggravating circumstances the fact that Edmonson was arrested for operating a motor vehicle while intoxicated and driving under a suspended license just before this murder. The trial court correctly took this arrest into consideration. *Tunstill v. State,* 568 N.E.2d 539 (Ind.1991).

Third, Edmonson contends that there is some vagueness in the trial court's determination that the murder occurred in the course of a robbing the victim. The court's

sentencing statement, however, satisfactorily indicates that the beating was part of robbing the deceased and that the fatal blows occurred after Cross's wallet was taken.

Fourth, Edmonson challenges the trial court's sentencing order on grounds that its declaration that the killing was a "savage act" was unjustified. The State notes that the killing occurred over some extended period of time and that the use of a tire iron caused multiple injuries to the victim.

■ The trial court's order found as aggravating circumstances Edmonson's prior convictions for offenses related to alcohol, one of which occurred while he was still on probation, his driving on the day of the murder even though his license was suspended, his efforts to conceal the murder, his inconsistent statements about his involvement, and the robbery in the course of the killing. The court also found as mitigating circumstances Edmonson's honorable discharge from the Navy, his remorse, his education and employment record.

All in all, Edmonson's claim that the trial court did not appropriately weigh these factors fails. Ind. Appellate Rule 17(B)(2).

We affirm the judgment of the trial court.

DeBRULER, DICKINSON, SULLIVAN and SELBY, JJ., concur.