**William L. LILE, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 79A05–9511–PC–486.

Court of Appeals of Indiana.

Oct. 10, 1996.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Pamela Carter, Attorney General, Michael K. Ausbrook, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

SHARPNACK, Chief Judge.

William Lile appeals the post-conviction court's denial of his petition for postconviction relief. Lile raises two issues for our review which we restate as:

1) whether the post-conviction court erroneously determined that the juvenile court properly waived its jurisdiction over him; and

2) whether the post-conviction court erroneously determined that his petition was barred by the doctrine of laches.

We affirm.

The facts most favorable to the judgment follow. On February 28, 1978, the State filed a petition of delinquency against Lile, who was then seventeen years old. The petition alleged that Lile had committed a series of burglaries. On March 1, 1978, the State filed a motion requesting that the juvenile court waive jurisdiction and that Lile be charged as an adult in the circuit court. On June 1, 1978, the juvenile referee conducted a hearing on the motion. After the hearing, Lile entered into a plea bargain in which he agreed to plead guilty to burglary, a class B felony. On July 18, 1978, the juvenile referee entered his findings and recommended that the juvenile court waive jurisdiction over Lile. The juvenile court later approved this recommendation.

On July 21, 1978, the State formally charged Lile with burglary. After conducting a hearing on the plea agreement, the trial court accepted Lile's guilty plea. The trial court later sentenced Lile to six years.

On December 26, 1989, Lile filed a *pro se* motion for the production of documents relating to his burglary conviction. In this motion, Lile asserted that he needed these documents to collaterally attack an habitual offender conviction. On June 22, 1990, Lile filed a second *pro se* motion requesting the documents.

On February 13, 1992, Lile filed a *pro se* petition for post-conviction relief. While it is unclear what happened to this petition, Lile filed another petition for post-conviction relief with the assistance of counsel on August 22, 1994. In this petition, Lile alleged that the juvenile court improperly waived its jurisdiction over him. The State filed an answer which denied Lile's claim and raised several affirmative defenses, including laches. After conducting an evidentiary hearing on June 23, 1995, the post-conviction court denied Lile's petition. In its judgment, the post-conviction court found that the juvenile court properly waived its jurisdiction and that Lile's petition was barred by laches. Lile now appeals the denial of his petition.

## STANDARD OF REVIEW

 To prevail on a petition for post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1 § 5; *Barker v. State,* 622 N.E.2d 1336, 1337 (Ind.Ct.App.1993), *reh'g denied, trans. denied.* On appeal from a denial of the petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the court. *Id.* at 1337–1338.

 In the present case, the post-conviction court entered findings of fact and conclusions thereon pursuant to P–C.R. 1 § 6. In such circumstances, we cannot affirm the judgment on any legal basis, but rather, will affirm if the court's findings are sufficient to support the judgment. *Douglas v. State,* 634 N.E.2d 811, 815 (Ind.Ct.App. 1994), *opinion corrected on rehearing,* 640 N.E.2d 73, *trans. denied.* "On review, we look at all the evidence before the post-conviction court." *England v. State,* 625 N.E.2d 1264, 1265 (Ind.Ct.App.1993), *reh'g denied, trans. denied.*

### I. *JURISDICTION*

The first issue raised for our review is whether the post-conviction court erroneously determined that the juvenile court properly waived its jurisdiction. Lile asserts that "[t]here was not sufficient evidence that a juvenile waiver was properly done and that Lile was properly waived into adult court." Appellant's brief, p. 10.

 At the time the juvenile court entered its waiver order, the waiver of juvenile

jurisdiction was governed by Ind.Code § 31–5–7–14, which provided in part:

> "Whenever a child fourteen (14) years of age or older is charged with committing an act which would amount to a crime if committed by an adult, *the court, upon motion by the prosecuting attorney and after full investigation and hearing, may waive jurisdiction* and order the child held for trial under regular procedure of the court which would have jurisdiction of an act if committed by an adult, if the court finds that there is probable cause to believe that the case has specific prosecutive merit, that the child is beyond rehabilitation under the regular statutory juvenile system, that it is in the best interest of the public welfare and security he stand trial as an adult, and that the act charged is either:
>
> (1) heinous or of an aggravated character ...; or
>
> (2) part of a repetitive pattern of acts, even though less serious in nature."

I.C. § 31–5–7–14(a) (repealed 1979) (emphasis added).[1] Pursuant to this statute, the juvenile court must waive its exclusive jurisdiction over the child before a criminal court can obtain jurisdiction. *See Cartwright v. State,* 168 Ind.App. 517, 520, 344 N.E.2d 83, 85 (1976). An improper waiver of jurisdiction by the juvenile court voids any subsequent criminal action. *Shepard v. State,* 273 Ind. 295, 297, 404 N.E.2d 1, 3 (1980).

■■■ Lile argues that the juvenile court improperly waived its jurisdiction over him. Essentially, Lile contends that there was insufficient evidence presented to the juvenile referee to support the statutory requirements of I.C. § 31–5–7–14. However, our review of this issue is frustrated by Lile's inability to provide a transcript of the waiver hearing in the record. On appeal from the denial of a petition for post-conviction relief,

the burden is on the petitioner to provide a record adequate for review. *Maxey v. State,* 596 N.E.2d 908, 912 (Ind.Ct.App.1992). When a transcript is unavailable, the petitioner may attempt to reconstruct the transcript pursuant to Ind. Appellate Rule 7.2(A)(3)(C).[2] *Adams v. State,* 575 N.E.2d 625, 627 (Ind.1991); *see Zimmerman v. State,* 436 N.E.2d 1087, 1088–1089 (Ind.1982) (holding that because App.R. 7.2(A)(3)(C) provides a means to produce an otherwise lost record, the rule abrogates the old practice of ordering a new trial when the transcript is unavailable). In the alternative, the petitioner must demonstrate that the record cannot be reconstructed. *Wilburn v. State,* 499 N.E.2d 1173, 1175 (Ind.Ct.App.1986), *reh'g denied, trans. denied.* Where such a showing is made, the petitioner is entitled to post-conviction relief. *Id.*

■■■ At the post-conviction hearing, Lile established that the transcript of the waiver hearing was unavailable. Sandra Curry, a court reporter, testified that after searching Lile's file, she was unable to find the transcript of the waiver hearing. Curry stated that she only found the docket sheet, which provided:

> "6/1/78 Comes now Billy Lile, in person and by his attorney, Greg Donat. Come also the State of Indiana by Lew Gumper, Deputy Prosecuting Attorney, and Joe Hooker, Tippecanoe County Probation Officer. And the Court now hears evidence on the motion of the State of Indiana for waiver of jurisdiction of juvenile court. And the Juvenile Referee having heard the evidence now recommends that juvenile jurisdiction of William Leon Lile be waived to adult court. (See order.)—David Crouse, Juvenile Referee.

1. We note that A.I.C. § 31–5–7–14 was amended with little substantive change and promulgated on June 28, 1978. As such, the amendment to the statute was not in effect during the waiver hearing on June 1, 1978, but was in effect when the juvenile court entered its waiver order on July 21, 1978. Because the issue presented is whether the juvenile court properly waived its jurisdiction, we have cited to the statute as amended in 1978.

2. This rule provides in part: "If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if the transcript is unavailable, a party may prepare a statement of the evidence of the proceedings from the best available means, including his recollection." App.R. 7.2(A)(3)(C).

Above recommendation considered and approved this date.—[Warren B. Thompson]."

Record, p. 599.

Based on this docket sheet, Lile made a diligent effort to reconstruct the transcript by presenting the testimony of Donat, Hooker, Crouse, and Thompson. However, these witnesses stated that they had no independent recollection of the waiver hearing.

We find that Lile has sufficiently demonstrated that the lost transcript of the waiver hearing cannot be reconstructed. *See Wilburn,* 499 N.E.2d at 1175. Without this transcript, we cannot conclude that there was sufficient evidence to support the juvenile court's waiver of its jurisdiction. *See* A.I.C. § 31–5–7–14(a) (repealed 1979). Accordingly, we hold that Lile has presented a valid claim for relief.

## II. *LACHES*

We next turn to the issue of whether Lile's claim was barred by the doctrine of laches. While post-conviction relief is available at any time, the right to relief may be directly or impliedly waived. *Smith v. State,* 565 N.E.2d 1114, 1115 (Ind.Ct.App. 1991), *reh'g denied, trans. denied.* In a post-conviction proceeding, the State may raise the affirmative defense of laches, which acts as a legitimate waiver of the petitioner's right to challenge a judgment. *Id.; see Baxter v. State,* 636 N.E.2d 151, 152 (Ind.Ct.App. 1994), *reh'g denied, trans. denied.* For the doctrine of laches to bar relief, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and that the State was prejudiced by the delay. *Perry v. State,* 512 N.E.2d 841, 843 (Ind.1987), *reh'g denied.*

Lile argues that the State failed to prove the two requirements for its affirmative defense of laches. Lile contends that his delay in filing the petition was reasonable and that the delay did not prejudice the State. We will address each contention in turn.

First, Lile argues that the State did not prove by a preponderance of the evidence that his delay in seeking relief was unreasonable. Implicit in this requirement is that the petitioner had knowledge and acquiesced to the existing conditions which caused the delay. *Id.* at 844; *see Baxter,* 636 N.E.2d at 152. "Unless a petitioner has knowledge of the defect in his conviction or the means to seek relief from the conviction, he can seldom be said to have delayed unreasonably in seeking relief." *Perry,* 512 N.E.2d at 843.

Generally, we consider many factors to infer that the petitioner had knowledge of post-conviction remedies such as repeated contacts with the criminal justice system, incarceration in a penal institution with legal facilities, and consultation with counsel. *Baxter,* 636 N.E.2d at 152. While the mere passage of time is not enough to constitute laches, it is another factor to consider when evaluating the petitioner's knowledge. *Id.* However, in some cases, a single piece of evidence will reveal the proverbial "smoking gun" that the petitioner had actual knowledge of post-conviction remedies. *Perry,* 512 N.E.2d at 845.

In his brief, Lile claims that he was unaware of post-conviction remedies until the fall of 1991. At that time, Lile contends he met an inmate, Larry England, who informed him of the post-conviction process. Specifically, Lile asserts: "Lile did not know he could file a Petition for Post–Conviction Relief until he met Larry England. Lile did not know that there were problems with his case until he spoke to England." Appellant's brief, p. 15.

However, the record belies Lile's assertion that he was unaware of post-conviction remedies prior to meeting England. During the post-conviction hearing in 1995, the State introduced Lile's *pro se* motion filed on June 22, 1990. In this motion, Lile requested documents relating to the guilty plea hearing for his 1978 burglary conviction.[3] Specifically, Lile stated:

---

3. We note that Lile initially filed a motion for the documents on December 26, 1989. In this motion, Lile stated that he needed the guilty plea

transcript for the purpose of filing a complete and accurate petition for post-conviction relief. However, this initial motion was not introduced

"Comes now the petitioner, in the above cause, proceedings [sic] *pro-se* ... petitions the court to provide him with his preliminary hearing, arraignment, guilty plea and sentencing transcripts for the following reasons:

1) That *the Petitioner will be petitioning the Court for the Post Conviction Relief* and needs the transcript of the above record to file an accurate and complete petition."

Record, p. 453 (emphasis added).

This motion indicates that Lile knew about the post-conviction process as early as June of 1990. As such, the State has provided the "smoking gun" which alone was sufficient to support a finding that Lile had actual knowledge of post-conviction remedies. *See Perry*, 512 N.E.2d at 845.

In *Washington v. State,* our supreme court addressed the similar issue of whether a single piece of evidence was sufficient to support a finding that the petitioner was aware of post-conviction remedies. *Washington v. State,* 507 N.E.2d 239, 240 (Ind. 1987). In *Washington,* the petitioner sought post-conviction relief from a 1980 conviction for attempted robbery. In December of 1984, the petitioner filed a petition for post-conviction relief claiming that the trial court did not comply with statutory requirements prior to the entry of his guilty plea. In response, the State asserted the affirmative defense of laches alleging that the petitioner unreasonably delayed in filing his petition.

At the post-conviction hearing, the petitioner testified that he was unaware of post-conviction remedies until July of 1994. However, the State rebutted this testimony by introducing a letter written by the petitioner in 1982. In this letter, the petitioner requested that the public defender's office assist him with a post-conviction proceeding regarding another conviction. Based on the

evidence presented, the post-conviction court determined that the petition was barred by the doctrine of laches. On review, the supreme court affirmed this determination:

"While the passage of time alone is insufficient to establish unreasonable delay, given the letter where appellant specifically requests assistance with post-conviction relief, the evidence was sufficient to support a finding that appellant was aware of post-conviction actions and that the filing delay was unreasonable."

*Id.* at 240 (citation omitted).

In the present case, Lile sought relief from his 1978 burglary conviction. On February 13, 1992, Lile filed his initial petition for post-conviction relief. At the post-conviction hearing, Lile claimed he was unaware of the post-conviction process until the fall of 1991. However, the State presented Lile's motion for documents filed in June of 1990. In this motion, Lile asserted that he needed the documents to file a petition for post-conviction relief.

This motion alone was sufficient to support a finding that Lile was aware of postconviction remedies as early as June of 1990.[4] *See id.* Although Lile had knowledge of the post-conviction process, he did not file his petition for nearly two years. Based upon the reasons set out in *Washington,* we hold that such a filing delay supports the trial court's conclusion that Lile was guilty of laches for failing to timely raise the issues in his petition. *See id.*

■ Next, Lile argues that the State failed to prove the second requirement for laches, that the State was prejudiced by the filing delay. To prove prejudice, the State must establish a reasonable likelihood that a successful reprosecution has been materially diminished by the petitioner's delay. *Baxter,*

---

into evidence during the postconviction hearing. Because we look only to the evidence which was presented to the post-conviction court, we may not consider the initial motion when reviewing the court's findings. *See England,* 625 N.E.2d at 1265.

**4.** In the reply brief, Lile's counsel asserts that the State did not present any evidence at the post-conviction hearing concerning the filing delay.

Based on the aforementioned evidence, we find that such an assertion was clearly calculated to mislead this court. We strongly urge counsel to read and comply with Ind. Professional Conduct Rule 3.3(a), which provides in part: "A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal...." Prof. Cond.R. 3.3(a)(1).

636 N.E.2d at 152. The amount of prejudice is directly correlated to the length of the delay. *Wilburn,* 499 N.E.2d at 1176. Prejudice may result in litigation by the mere passage of time because witnesses are dispersed, memories fade, and records are lost. *Kindred v. State,* 514 N.E.2d 314, 318 (Ind. Ct.App.1987), *reh'g denied, trans. denied.* "The inability to reconstruct a case against a petitioner is demonstrated by unavailable evidence such as destroyed records, ... or witnesses who have no independent recollection of the event." *Moser v. State,* 562 N.E.2d 1318, 1320 (Ind.Ct.App.1990) (quoting *Wilson v. State,* 519 N.E.2d 179, 182 (Ind.Ct. App.1988), *trans. denied* ).

Here, the State presented sufficient evidence that Lile's delay materially diminished its ability to reprosecute him. *See Baxter,* 636 N.E.2d at 152. As previously discussed, to successfully prosecute Lile, the State must first establish that the juvenile court properly waived its jurisdiction. Here, the State can prove prejudice by demonstrating that it is unable to reconstruct the record of Lile's waiver hearing. *See Wilburn,* 499 N.E.2d at 1178 (holding that the State proved prejudice by establishing its inability "to reconstruct the record of the petitioner's guilty plea. . . .").

The evidence presented at Lile's post-conviction hearing revealed that the transcript of the waiver hearing was lost. In addition, all the participants of the waiver hearing testified that they had no independent recollection of the hearing. As such, the State has established an inability to reconstruct a case against Lile due to lost records and the witnesses' inability to recall the hearing. *See Moser,* 562 N.E.2d at 1320. Therefore, because the likelihood of a successful reprosecution of Lile has been materially diminished by his delay, the State has demonstrated prejudice. *See Baxter,* 636 N.E.2d at 152.

We find that the State proved by a preponderance of the evidence that Lile unreasonably delayed in seeking relief and that it was prejudiced by this delay. *See Perry,* 512 N.E.2d at 843. Accordingly, we hold that the post-conviction court properly determined that Lile's claim for relief was barred by the doctrine of laches.

For the foregoing reasons, the denial of Lile's petition for post-conviction relief is affirmed.

AFFIRMED.

RUCKER and ROBERTSON, JJ., concur.