Savour Joel JONES, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9709–CR–610.

Court of Appeals of Indiana.

June 26, 1998.

Aaron E. Haith, Indianapolis, for Appel-lant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney Gener-al, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant, Savour Joel Jones, having been adjudged a delinquent juvenile for committing acts which, if committed by an adult, would constitute three counts of Criminal Recklessness [1] as Class D felonies, contends that he is entitled to a new denial hearing because, due to a mechanical mal-function, portions of his original hearing were not recorded. Specifically, Jones contends that, because the record only contains testi-mony from one of the State's witnesses and some, but not all, of the defense witnesses, he is entitled to a new trial.

On appeal, the petitioner has the burden of providing a record adequate for review. *Clark v. State,* 562 N.E.2d 11, 13 (Ind.1990), *cert. denied,* 502 U.S. 961, 112 S.Ct. 425, 116 L.Ed.2d 445 (1991). When portions of a record are unavailable, the peti-tioner may prepare a statement of the evi-dence or proceedings from the best available means, including his recollection. Ind.Appel-late Rule 7.2(A)(3)(c). When he fails to do so, the petitioner is entitled to a new trial only if he demonstrates that it would be impossible to reconstruct the record. *Lile v. State,* 671 N.E.2d 1190, 1193 (Ind.Ct.App. 1996).

In the present case, Jones' appellate counsel filed an affidavit with this court in which he stated that he sent letters to the court reporter, the prosecutor and Jones' trial counsel, explaining that the record of the hearing was incomplete and asking them to prepare a statement of the evidence and submit it to the magistrate. A copy of this letter was also sent to the magistrate. Al-though Jones' trial counsel and the prosecu-

1. Ind Code § 35–42–2–2(b)(2).

tor stated that they did not have adequate notes to independently reconstruct the record of the hearing, the prosecutor informed Jones' appellate counsel that the magistrate might have sufficient notes to do so. Appellant's Appendix at A-3, A-4. Jones contends that this evidence is sufficient to demonstrate that it would be impossible to reconstruct the record.

However, we note, there is no evidence that Jones determined whether the magistrate or the court reporter had memory or notes that could assist in the reconstruction of the missing testimony. Further, there is no evidence that Jones attempted to contact the witnesses who testified during the hearing in order to reconstruct their testimony. Finally, Jones has failed to attempt to reconstruct the record from a combination of his own recollection and the partial recollection and notes of others present during the hearing, including his older sister. Although it is laudable that Jones' made some effort to reconstruct the missing testimony, we cannot conclude that these preliminary attempts are sufficient to demonstrate that it would be impossible to reconstruct the record. *See Curry v. State,* 674 N.E.2d 160, 163-64 (Ind. 1996) (defendant failed to demonstrate that reconstruction of record was impossible where he did not establish that all persons present at hearing died or could not remember details of proceedings and did not attempt to reconstruct record from his own recollection). Therefore, although we cannot conclude that Jones is entitled to a new hearing at this time, we note that if after complying with the steps suggested in this opinion Jones is still unable to reconstruct the record, he will be entitled to a new hearing. Thus, in light of Jones' extraordinary attempt to reconstruct the record, we dismiss his appeal without prejudice in order that he be provided additional opportunity to reconstruct the record.

Dismissed.

SULLIVAN and KIRSCH, JJ., concur.