**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 05 2013, 9:53 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DONALD TATUM**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONALD TATUM, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1206-PC-331 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
The Honorable Christina R. Klineman, Commissioner
Pre-Justic Cause No. CR-81-268, Justis Cause No. 81-232

**February 5, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Petitioner Donald Tatum appeals the post-conviction court's denial of relief, arguing that Appellee-Respondent the State of Indiana failed to satisfy its burden of proving laches. In June of 1982, Tatum pled guilty to Class B felony burglary and was sentenced pursuant to a plea agreement. After nearly a twenty-six-year delay, Tatum filed a *pro se* petition for post-conviction relief ("PCR"), arguing that the trial court never advised him of the minimum sentence he could have received. The State asserted the doctrine of laches and offered evidence that, since his 1982 conviction, Tatum had served over twenty years of incarceration in penal institutions with law facilities and had consulted with attorneys on at least twenty-one separate criminal cases. The State also evidenced that it was unable to locate the burglary victim and other key witnesses to Tatum's prosecution, the investigating detective had only a vague memory of the case, and the case file had been destroyed. Concluding that the State satisfied its burden of establishing Tatum's responsibility for unreasonable delay and resulting prejudice, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 1, 1982, Tatum pled guilty to Class B felony burglary and, pursuant to a plea agreement, was sentenced to six years of incarceration with two years executed and four years suspended. On October 27, 2004, Tatum filed a *pro se* petition for PCR, which he withdrew on June 27, 2007. On January 11, 2011, Tatum filed a second *pro se* petition for PCR, arguing that his 1982 guilty plea was not knowing and intelligent. Specifically, Tatum claimed that, at his guilty plea hearing, he was not advised of the

minimum sentence he could have received for a burglary conviction and that the presiding commissioner acted without judicial authority or approval.

On July 13, 2011, the post-conviction court held an evidentiary hearing, at which Tatum testified to the allegations in his petition. Tatum also acknowledged that, since serving approximately six months at the Department of Correction ("DOC") on his 1982 conviction, he had served five separate sentences at the DOC and that he was then-serving a sixth, unrelated sentence. Tatum agreed that he had served a total of more than twenty years at the DOC since 1985. Tatum also admitted that he had attorneys represent him on more than twenty-one criminal cases. He maintained, however, that he did not know prison law libraries existed until he arrived at Pendleton Correction Facility in 2004.

The State asserted the affirmative defense of laches and presented the affidavit of Erin Cronley, a paralegal at the Marion County Prosecutor's Office, who had conducted a laches investigation into Tatum's 1982 burglary charge. In her affidavit, Cronley stated that she was unable to locate three essential witnesses to the crime: the victim; the coparticipant, who revealed Tatum's identity to the investigating detective; and a neighbor of the coparticipant, who identified Tatum from a photo array as having been with the coparticpant minutes before the burglary. Cronley also learned that a fourth witness, an alarm company representative who chased after the burglars and apprehended the coparticipant, was deceased. Additionally, Cronley found that the investigating detective, whose probable cause affidavit provided the factual basis of Tatum's guilty plea, had only a vague memory of the case at best. And the detective's file containing the

photo arrays, from which Tatum had been identified, had been destroyed. The post-conviction court determined that the State had met its burden of proving laches, and, on June 6, 2012, it denied Tatum's petition for relief.

## DISCUSSION AND DECISION

Tatum argues that the post-conviction court erred in finding his claim barred by the doctrine of laches. "The equitable doctrine of laches operates to bar consideration of the merits of a claim or right of one who has neglected for an unreasonable time, under circumstances permitting due diligence, to do what in law should have been done." *Armstrong v. State*, 747 N.E.2d 1119, 1120 (Ind. 2001) (citing *Twyman v. State*, 459 N.E.2d 705, 712 (Ind. 1984)). To prevail on a claim of laches, the State must prove by a preponderance of the evidence that the petitioner was responsible for the unreasonable delay, and that the State has been prejudiced by the delay. *Williams v. State*, 716 N.E.2d 897, 901 (Ind. 1999); *Perry v. State*, 512 N.E.2d 841, 843 (Ind. 1987). Tatum claims that the State presented insufficient evidence to satisfy this burden.

> In reviewing claims that evidence is insufficient to show laches, we do not reweigh the evidence nor judge the credibility of the witnesses. We consider only that evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. If the determination of the court is supported by substantial evidence of probative value, the judgment will be affirmed.

*Williams*, 716 N.E.2d at 901 (internal citation omitted).

Tatum does not challenge the post-conviction court's finding that his nearly twenty-six year delay in seeking relief was unreasonable. Rather, he contends that the State's evidence—Cronley's affidavit—does not support a finding of prejudice. We disagree.

4

To prove that prejudice resulted from a petitioner's delay in seeking PCR, "the State must establish a reasonable likelihood that a successful reprosecution has been materially diminished by the petitioner's delay." *Lile v. State*, 671 N.E.2d 1190, 1195 (Ind. Ct. App. 1996). "The amount of prejudice is directly correlated to the length of the delay." *Id.* at 1196. And "[p]rejudice may result … by the mere passage of time because witnesses are dispersed, memories fade, and records are lost." *Id.*

Here, the State's evidence shows that it is unable to locate three witnesses essential to Tatum's prosecution. A fourth witness is deceased, and the investigating detective has little memory of the case. Moreover, the case file has been destroyed. Without the testimony of these witnesses and the photo identification evidence, the reasonable likelihood of successful reprosecution is materially diminished by Tatum's delay in pursuing PCR. We find that the State has presented substantial evidence of prejudice and, therefore, conclude that the post-conviction court correctly denied Tatum's PCR petition on the basis of laches.

The judgment of the post-conviction court is affirmed.

NAJAM, J., and FRIEDLANDER, J. concur.