**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 26 2014, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RONALD LUNSFORD**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD D. LUNSFORD, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1309-PC-390 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-1206-PC-51

**September 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Appellant-Petitioner Ronald Lunsford ("Lunsford") appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

**Issue**

Lunsford presents the following issue, which we restate as: whether the post-conviction court erred in refusing to set aside Lunsford's 1984 guilty plea as involuntary.

**Facts and Procedural History**

On February 8, 1984, Lunsford was charged with Burglary, as a Class C felony.[1] At the time, Lunsford faced a fixed term of five years imprisonment, with not more than three years added or subtracted for aggravating or mitigating circumstances, plus a maximum fine of $10,000.[2] On June 4, 1984, Lunsford pleaded guilty in exchange for a jail sentence not to exceed five years. The trial court accepted the plea agreement, and on July 16, 1984, sentenced Lunsford to five years imprisonment.

Nearly twenty-eight years later, on June 6, 2012, Lunsford filed a petition for post-conviction relief. Lunsford argued that his guilty plea should be set aside as involuntary because he was not advised in 1984 that the burglary conviction could later be used to support a habitual criminal offender enhancement.[3] The post-conviction court denied his request in a detailed order issued on July 17, 2013. Lunsford now appeals.[4]

---

[1] Ind. Code § 35-43-2-1 (1982).

[2] I.C. § 35-50-2-6 (1982).

[3] Lunsford testified at the post-conviction hearing that he was adjudicated a habitual criminal offender after he was convicted of Robbery, as a Class B felony, in 1992. Lunsford is currently incarcerated on the resulting

2

**Discussion and Decision**

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite of that reached by the post-conviction court. Id.

A guilty plea must be knowingly, voluntarily, and intelligently entered. Gillespie v. State, 736 N.E.2d 770, 774 (Ind. Ct. App. 2000), trans. denied. A trial court shall not accept a plea of guilty without first determining that the defendant:

(1) understands the nature of the charge against him;

(2) has been informed that by his plea he waives his rights to:
    (A) a public and speedy trial by jury;
    (B) confront and cross-examine the witnesses against him;
    (C) have compulsory process for obtaining witnesses in his favor; and
    (D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; and

(4) has been informed that if:

---

forty-year sentence.

[4] In late 2013, Lunsford, proceeding *pro se*, filed a belated Notice of Appeal. His appeal was dismissed on April 22, 2014, pursuant to Ind. Appellate Rule 45(D). On May 30, 2014, this Court granted Lunsford's Motion for Reconsideration, after which Lunsford timely filed his Appellant's Brief.

3

> (A) there is a plea agreement as defined by section 1 [35-35-1-1] of this chapter; and
> (B) the court accepts the plea;
> the court is bound by the terms of the plea agreement.

I.C. § 35-35-1-2(a) (Supp. 1984). A defendant fully armed with all the information outlined in the statute is most able to make the voluntary and intelligent decision that the Indiana and U.S. Constitutions entitle him to make. White v. State, 497 N.E.2d 893, 905 (Ind. 1986). A plea entered after the court has reviewed the rights a defendant is waiving and made the inquiries identified in the statute is unlikely to be found wanting in a collateral attack. Id.

At the June 4, 1984, plea hearing, the trial court explained to Lunsford the nature of the burglary charge. The court advised Lunsford of the following rights: to trial by jury; to confront and examine witnesses against him; to bring forward witnesses to testify on his behalf; to the State's burden of proof beyond a reasonable doubt; and against self-incrimination. The trial court further informed him of the sentencing range and that the court could consider his past criminal history, including arrests and convictions, as aggravating circumstances. The court also advised him that, if accepted, the court would be bound by the plea agreement. Lunsford repeatedly acknowledged that he understood these advisements. In sum, the record shows that the trial court properly determined that Lunsford knew and understood his rights.

Lunsford nevertheless asserts that his "guilty plea was not knowingly and intelligently rendered with full knowledge of the consequences" because neither the trial court nor his attorney advised him in 1984 that his burglary conviction could later be used against him to support a habitual criminal offender enhancement. (Appellant's Br. at 6.) He argues that the

4

absence of such a warning runs afoul of <u>Boykin v. Alabama</u>, 395 U.S. 238, 243 (1969), in which the U.S. Supreme Court held that, before accepting a guilty plea, a trial court must be satisfied that an accused is aware of his rights against self-incrimination, to trial by jury, and to confront his accusers. Lunsford contends that, had he known of the "most serious consequence of the guilty plea – the habitual offender charge," he would not have pleaded guilty to burglary in 1984. (Appellant's Br. at 6.)

Although <u>Boykin</u> requires that a defendant be aware of the immediate, concrete consequences of waiving specific constitutional rights, "one who pleads guilty need not be advised that the conviction might have adverse but future collateral consequences." <u>Gillespie</u>, 736 N.E.2d at 775 (citation omitted). "Indiana law does not require that the court inform a defendant of possible collateral consequences, such as the potential of a subsequent conviction as a habitual offender, before accepting a guilty plea." <u>Owens v. State</u>, 437 N.E.2d 501, 504 (Ind. Ct. App. 1982). Thus, the trial court was not required to warn Lunsford of the potential but uncertain consequence that if he should ever be convicted of another crime, his burglary conviction may be used to support a habitual offender enhancement. His plea therefore was not rendered involuntary for lack of proper advisements.

**Conclusion**

The record shows that the trial court properly advised Lunsford of his rights and determined that Lunsford knew and understood them. Accordingly, the post-conviction court did not err in refusing to set aside Lunsford's guilty plea as involuntary.

5

Affirmed.

NAJAM, J., and PYLE, J., concur.