FILED

Nov 09 2017, 7:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
|---|---|
| Charles A. Edmonson | Curtis T. Hill, Jr. |
| Greencastle, Indiana | Attorney General of Indiana |
| | |
| | Eric P. Babbs |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles A. Edmonson, | November 9, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 84A01-1609-PC-2150 |
| v. | Appeal from the Vigo Superior Court |
| State of Indiana, | The Honorable Michael J. Lewis, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 84D06-1603-PC-1612 |

**May, Judge.**

[1] Charles A. Edmonson, *pro se*, appeals the post-conviction court's denial of his petition for post-conviction relief. He argues the post-conviction court erred in concluding his petition was barred by the doctrine of laches. We agree the court's finding of laches was clearly erroneous because the State did not

demonstrate it was prejudiced. Nevertheless, we affirm the court's denial of Edmonson's petition because, as the post-conviction court also found, Indiana law did not require Edmonson be advised of all possible collateral consequences of his guilty plea for that plea to have been entered voluntarily.

# Facts and Procedural History

[2] In August 1993, pursuant to a plea agreement, Edmonson pled guilty to Class B misdemeanor public intoxication[1] and Class B misdemeanor criminal mischief[2] ("misdemeanor convictions"). The court accepted Edmonson's guilty plea and sentenced Edmonson to serve 180 days on each count, concurrently, in the Indiana Department of Correction. The court gave Edmonson credit for two days he had already served, suspended the sentence, and placed Edmonson on one year of probation.

[3] While on probation, Edmonson committed murder. The trial court convicted him and sentenced him to sixty years in prison. *See Edmonson v. State*, 667 N.E.2d 181 (Ind. 1996) (affirming Edmonson's sentence), *reh'g denied*. In sentencing Edmonson, the trial court found as an aggravator "Edmonson's prior convictions for offenses related to alcohol." *Id.* at 182.

---

[1] Ind. Code § 7.1-5-1-3 (1978).

[2] Ind. Code § 35-43-1-2 (1991).

[4] On March 8, 2016, while still serving his sentence for murder, Edmonson filed a petition for post-conviction relief from his misdemeanor convictions. In support of his petition, he claimed he was denied the right to competent counsel under Article 1, Section 13 of the Indiana Constitution and under the Due Process Clause of the United States Constitution, and that his "uninformed, coerced, and involuntary" guilty plea violated the State and Federal Constitutions. (App. Vol. 2 at 8.) Specifically, Edmonson argued both his counsel and the trial court "failed to advise him of the future consequences" of his guilty plea—*i.e.*, that his misdemeanor convictions "would be used as an aggravator in a future sentence." (*Id.*)

[5] The post-conviction court held a hearing on Edmonson's petition on August 18, 2016. The State raised the affirmative defense of laches and argued Edmonson's petition also fails on the merits. The court summarily denied Edmonson's petition for post-conviction relief after announcing at the hearing both that the State had demonstrated Edmonson's petition was barred by the doctrine of laches and that Indiana law did not entitle Edmonson to an advisement of possible future collateral consequences of his guilty plea.

# Discussion and Decision

[6] "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Humphrey v. State,* 73 N.E.3d 677, 681 (Ind. 2017). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative

judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show the evidence leads "unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id.* We do not defer to the post-conviction court's legal conclusions, but "a post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* at 682.

## Laches

[7] The equitable doctrine of laches "operates to bar consideration of the merits of a claim or right of one who has neglected for an unreasonable time, under circumstances permitting due diligence, to do what in law should have been done." *Kirby v. State*, 822 N.E.2d 1097, 1100 (Ind. Ct. App. 2005), *trans. denied.* The State is required to prove the defense of laches by a preponderance of the evidence. *McCollum v. State*, 671 N.E.2d 168, 170 (Ind. Ct. App. 1996), *affirmed on reh'g*, 676 N.E.2d 356 (Ind. Ct. App. 1997), *trans. denied*. To prove laches, the State must show both (1) the petitioner unreasonably delayed in seeking relief, and (2) the State has been prejudiced by the delay. *Id*.

### 1) Unreasonable Delay

> A petitioner can seldom be found to have unreasonably delayed unless he has knowledge of a defect in his conviction. Facts from which a reasonable finder of fact could infer petitioner's knowledge may support a finding of laches. Repeated contacts with the criminal justice system, consultation with attorneys and

incarceration in a penal institution with legal facilities are all facts from which the fact finder may infer knowledge.

*Id.* at 170-71 (internal citations omitted).

[8] Edmonson's misdemeanor convictions occurred in 1993. He was subsequently convicted of murder, and that conviction was affirmed by our Indiana Supreme Court in 1996. When sentencing Edmonson for murder, the trial court cited Edmonson's misdemeanor convictions as an aggravator, and our Indiana Supreme Court concluded, on direct appeal, that the trial court properly did so. *See Edmonson*, 667 N.E.2d at 182 (concluding the trial court properly considered Edmonson's misdemeanor convictions as an aggravator). Thus, at a minimum, Edmonson had knowledge of the alleged defect in his misdemeanor guilty pleas when the Indiana Supreme Court issued its decision.

[9] Additionally, as the State correctly points out, Edmonson has spent the past twenty-three years in prison and a reasonable finder of fact could infer he had access to a law library. Indeed, Edmonson used his knowledge and resources to petition for post-conviction relief of his murder conviction in 2001.[3] He thus cannot claim he lacked the knowledge or resources to pursue an earlier petition for post-conviction relief from the misdemeanor convictions.

---

[3] We take judicial notice under Indiana Rule of Evidence 201(a) that Edmonson petitioned for post-conviction relief from his murder conviction in Cause No. 28A04-0107-PC-00313. We affirmed the post-conviction court's denial of Edmonson's petition in *Edmonson v. State,* 763 N.E.2d 499 (Ind. Ct. App. 2002), *trans. denied*.

Because Edmonson waited twenty-three years after his misdemeanor convictions to file his petition, had knowledge of any alleged defect in his misdemeanor convictions, and had the means to pursue a petition during that time, his delay was unreasonable. *See McCollum*, 671 N.E.2d at 171 (where petitioner had access to law library and appellate counsel, petitioner's twelve-year delay was unreasonable); *Kirby,* 822 N.E.2d at 1101 ("From his repeated contacts with the criminal justice system, the trial court could have reasonably inferred that Kirby enjoyed access to the law library and, thus, could have learned about post-conviction remedies."). We turn next to whether the State was prejudiced by this delay.

### 2) Prejudice

"To prove prejudice, the State must establish a reasonable likelihood that a successful reprosecution has been materially diminished by the petitioner's delay." *Lile v. State,* 671 N.E.2d 1190, 1195 (Ind. Ct. App. 1996). "The amount of prejudice is directly correlated to the length of the delay." *Id.* at 1196. "Prejudice may result in litigation by the mere passage of time because witnesses are dispersed, memories fade, and records are lost." *Id.* Edmonson argues "the [S]tate or the [post-conviction] court offered no evidence of prejudice such as the unavailability of its witnesses or any other reason why it would be impossible or difficult to present a case against Edmonson." (Appellant's Br. at 8.) We agree.

At the outset of the post-conviction hearing, the prosecutor asserted Edmonson's delay "prevents the [S]tate from possibly bringing forth witnesses

and stuff [due] to the uh, [due] to them not being available." (Tr. at 4.) However, the State presented no evidence to support this argument, and the trial court summarily denied Edmonson's petition. On appeal, the State claims merely "[i]t would be odd to say that the State would not have a materially more difficult time reconstructing the facts of Edmonson's 1993 case now as compared to if he had filed his PCR petition in 1996." (Appellee's Br. at 14-15.)

[13] While we can speculate that prejudice may exist given merely the length of time Edmonson delayed, the State has failed to provide any evidence from which an inference may be drawn. Given the complete lack of evidence provided by the State, the State has failed to meet its burden to show prejudice exists. *See Lacy v. State*, 491 N.E.2d 520, 521-22 (Ind. 1986) (where State failed to present any evidence regarding availability or recollection of witnesses, and there was no showing of reasonable diligence in attempting to locate witnesses, State failed to prove prejudice existed). Because the post-conviction court did not hear any evidence that could support determining laches barred Edmonson's petition, we are left with "a definite and firm conviction that a mistake has been made." *Humphrey,* 73 N.E.3d at 682. Thus, we move to the merits of Edmonson's post-conviction petition.

## Collateral-Consequences Advisement

[14] At the hearing, the post-conviction court also found that Edmonson had not been entitled, before he pled guilty in 1993, to an advisement that those misdemeanor convictions "could, ultimately be held against you as an

aggravator in a murder case. No one knows that you're gonna [sic] be committing any future acts in this case." (Tr. at 5.) Edmonson then addressed the prejudice prong of laches and began to argue he should have been advised of future consequences of his plea, and the court said: "He should have advised you of your future consequences? That's not one of the advisors, advisements of rights." (*Id.* at 6.)

[15] The advisements a defendant must receive before pleading guilty have been set out by our legislature:

> The court shall not accept a plea of guilty . . . without first determining that the defendant:
>
> (1) understands the nature of the charge against him;
>
> (2) has been informed that by his plea he waives his rights to:
>
>> (A) a public and speedy trial by jury;
>>
>> (B) confront and cross-examine the witnesses against him;
>>
>> (C) have compulsory process for obtaining witnesses in his favor; and
>>
>> (D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;
>
> (3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible

increased sentence by reason of the fact of prior conviction or convictions, and any possibility of the imposition of consecutive sentences; and

(4) has been informed that if:

> (A) there is a plea agreement as defined by IC 35-35-3-1; and

> (B) the court accepts the plea;

the court is bound by the terms of the plea agreement.

Ind. Code § 35-35-1-2(a) (1986 Main Volume).

[16] Contrary to Edmonson's claim, the sentencing court was not required to advise him that the possibility existed that his conviction could be considered in a subsequent case and impact his sentence in that later case. As we explained thirty-five years ago, "Indiana law does not require that the court inform a defendant of possible collateral consequences, such as the potential of a subsequent conviction as a habitual offender, before accepting a guilty plea." *Owens v. State*, 437 N.E.2d 501, 504 (Ind. Ct. App. 1982); *see also Williams v. State*, 641 N.E.2d 44, 46 (Ind. Ct. App. 1994) (observing that a person who pleads guilty need not be advised by the court that the conviction might have adverse future collateral consequences)*, trans. denied.* Edmonson is not entitled to the relief he requested in his petition, and the post-conviction court therefore did not err when it denied his petition. *See Owens*, 437 N.E.2d at 504 (denying

petition for post-conviction relief because defendant had not been entitled to advisement of future collateral consequences before pleading guilty).

# Conclusion

Because the State failed to meet its burden of demonstrating it would be prejudiced by Edmonson's delay, we find clear error in the post-conviction court's conclusion Edmonson's petition was barred by the doctrine of laches. Nevertheless, the court correctly found Edmonson was not entitled to relief because the trial court that accepted Edmonson's guilty plea had not been required to advise Edmonson about collateral consequences of that guilty plea. Accordingly, we affirm.

Affirmed.

Brown, J., and Pyle, J., concur.